### JOSEPH E. WILSON *v.* PETER McGREAL.

Prior to the Act of 1837 the office of curator of a vacant estate terminated in one year from the date of his appointment. The action to compel the curator of a vacant estate to render his account seems to be of the nature of the action of mandate, and subject to the prescription of ten years from the expiration of his office.

The character the plaintiff has given to his action by his pleadings must determine the prescription applicable to it.

APPEAL from the Second District Court of New Orleans, *Morgan,* J. *L. Janin,* for plaintiff and appellant. *G. W. Christy* and *P. E. Bonford,* for defendant.

MERRICK, C. J. *Peter McGreal,* the defendant, was appointed curator of the vacant estate of *Francis McGreal,* deceased, on the 19th day of September, 1833, and letters of curatorship issued to him after the completion of the inventory, on the 6th day of November of the same year. The inventory was

WILSON
*v.*
McGREAL.

formed of the one undivided half of the goods in a clothing store, held by the deceased in partnership with one *Southworth*, under the style of *Southworth & McGreal*, and the sums due that firm. The debts due by the partnership, if any, were not deducted. The one undivided half was estimated at $17,656 56.

On the 30th day of August, 1834, the curator filed his account, showing a balance in his hands, including bad debts, of $1160 13.

This balance was formed by crediting the estate with the following items:
By amount due per balance sheet, being one-half profits gained by

| | |
|---|---:|
| *Southworth & McGreal* up to 1st September, 1833 . . . . . . . . . . . . . . | $2,347 38 |
| By amount of judgment against *Thomas McAdams* . . . . . . . . . . . . . . | 130 00 |
| By cash . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 40 50 |
| | $2,517 88 |

and deducting the payments made by the curator therefrom.

The Judge ordered public notice to be given the creditors, and all persons interested in the succession, to show cause within ten days why the account presented by the curator should not be homologated.

Nothing further appears, from the documents and records extant, to have been done with the account. The defendant removed to Texas in 1836, where he has since resided, the plaintiff also being a citizen of the same State. On the 13th day of February, 1857, more than twenty-two years after the filing of his account, the defendant was found in this city, which he is in the habit of visiting, and it was made the occasion for the commencement of the present action by *Wilson*, who married a daughter of *Owen McGreal*, a brother of the deceased. *Wilson* alleges that *Owen McGreal*, who is a citizen of the State of California, addressed a letter to him, and requested and authorized him to take all necessary measures to recover his share in the estate of *Francis McGreal*, and also declared that he made a donation of whatever he may receive to his daughter, *Wilson's* wife.

He alleges that the account rendered by *Peter McGreal* is not binding on the heirs, though he is not willing to contest the items of the account for which vouchers have been filed; that soon after *Peter McGreal* had been appointed curator, he formed a partnership with *Southworth*, the former partner of *Francis McGreal*, deceased, and that he treated the interest of the estate in the partnership as his own property, converted it to his own use, and availed himself of the absence and dispersion of his co-heirs to deprive them of their rights in the estate.

The petitioner claims the balance of profits which he alleges the curator acknowledged to have in his hands on the 31st of August, 1834, $1160 13, and the interest of said *Francis McGreal* in the partnership, estimated in the inventory at $17,656 56¼; in all $18,816 69½ and twenty per cent. interest.

The prayer of the petition is that defendant be condemned to pay the heirs of said *Francis McGreal*, deceased, $18,816 69½, with five per cent. interest up to 13th March, 1837, and with twenty per cent. interest afterwards, and that he may be particularly condemned to pay your petitioner *Owen McGreal's* share, to wit: one-third of the estate, and that said *Owen* be recognized as one of the heirs of the deceased.

*Patrick McGreal*, also of Texas, who alleges that *Owen McGreal*, the defendant and himself are the only surviving heirs of *Francis*, intervenes in the suit and adopts the allegations and conclusions of *Wilson's* petition, and prays substantially for the same relief.

The defendant pleaded the prescriptions of one, three, five, ten and twenty years. The plea of prescription having been sustained, the plaintiff has appealed.

According to the law prior to the Act of 1837 the office of a curator of a vacant estate terminated at the expiration of one year from the date of his appointment. All that remained for him to do afterwards was to render his account. The action to compel him to render the account appears to us to be one in the nature of the action of mandate, and subject to the prescription of ten years against the parties present, and twenty years against those who were absent as the law then stood. C. C. 3508; 3 N. S. 601.

This case does not come within the rule laid down in the case of *Comstock* v. *Chamberlain*, 4 An. 368, for the curator of the vacant estate prior to the Act of 1837, was *functus officio* at the end of the year of his appointment. He could not, therefore, be considered as in court by virtue of his office after that office had expired. Hence his obligation to account after the expiration of his office became the subject of an action, and that action, like all other actions, was subject to the laws regulating prescription.

But an attempt has been made to take this suit out of the rules of law as to the prescription of the action for the rendition of the account, by showing that it is really an action of partition. In this we think the plaintiff has failed. The suit is brought against the defendant, as the curator of the vacant estate, to compel him to render his account, and to charge him with $18,816 92⅓, the amount of the inventory and profits. It is not brought against him as heir, and the co-heir was not made a party to plaintiff's petition, (although he has intervened in the suit,) and there is no prayer for a partition.

We think the character the plaintiff has given his action by his pleadings must govern us in determining the prescription applicable to it.

Whether an action of partition would lie against the defendant as heir for the division of the balance shown by the account of 1834 to be in his hands, or for any other sum, is a question which we do not consider ourselves called upon to determine.

Judgment affirmed.