No. 1062.—A. DOLHONDE, Administrator *v.* Widow and Heirs of WILLIAM LAURANS, deceased.

The items in the account of an agent are not prescribed by the lapse of three years from their date. Such claims are not embraced in the terms "open accounts" which by the statute of 1852 are prescribed against in three years; ten years is the only prescription against such a demand. 17 An. 246.

APPEAL from the District Court, parish of Jefferson. *Cazabat, J. M. Blache*, for plaintiff and appellant, *Roselius & Philips*, for defendants and appellees.

HOWELL, J. This is an action by the legal representation of an agent against the widow and heirs of a principal, on an account current, running from August, 1859, to September, 1865, to which the defense is a general denial and the prescription of three years.

The plea of prescription was sustained as to a portion of the account and judgment given in favor of plaintiff, as administrator, against the widow and heirs of Wm. Laurans, deceased, for the balance, from which the plaintiff appealed.

The prescription invoked does not apply to any portion of the claim, as the agency continued until the death of Maxent in June, 1865, and this suit was instituted in March, 1866. See 17 A. 246.

The question really is one of evidence, the plaintiff contending that the vouchers and testimony fully support the whole claim, while the defendants invoke the statute of eighteenth of March, 1868, as excluding the application of acquiescence in the account rendered to the principal just prior to his death.

An account current running from August, 1859, to thirteenth of October, 1864, and showing a balance of $3593 57 of the agent was, on this latter date, presented to the principal, Laurans, who was then too

A. Dolhonde, Administrator, v. Widow and Heirs of William Laurans, deceased.

ill to attend to business, and who died on the.fourth of the succeeding month and the presumption of acquiescence cannot under the circumstances arise. It is shown however, that Mrs. Laurans subsequent to the death of her husband, expressly acknowledged the correctness of the account rendered on the thirteenth of October, 1864, and she and the other two defendants permitted Maxent to continue as agent to collect the rents of the property of the succession as before. This may not bind the two heirs as to the correctness of the debit side of the agent's account. But the defendants obtained from the plaintiff, the administrator, the vouchers that were in his possession, and on the trial, upon an order of court, they produced "all the tax receipts, and policies of insurance delivered to them by the plaintiff and the account current of thirteenth October, 1864, furnished by Maxent," which with the account sued on, receipted bills for repairs to the property and extracts of receipt book signed by the deceased and the defendants, were received in evidence without objection. These documents with the oral testimony, under the circumstances, must be held to make out the case against the heirs as well as the widow in community.

The main questions presented in the briefs are the plea of prescription and the operation or application of the act of 1858, forbidding parol proof of the acknowledgment of a dead person to take a debt out of prescription, neither of which as we have seen is sustained on behalf of the defendants, as the prescription of three years does not apply to actions of this kind.

It is therefore ordered that the judgment appealed from be reversed, and that A. Dolhonde, administrator of L. F. Maxent, deceased, recover of Mary Helen Elizabeth Duplessis, widow of Wm. Laurans, deceased, and Pierre Evariste Laurans and Julia Emma Laurens his heirs, the sum of $2936 93 with legal interest from judicial demand, in the proportion of one-half from the said widow, and the other half from the said two heirs jointly. The defendants to pay costs in both courts.