On Motion to Dismiss.
The opinion of the court was delivered by
Miller, J.
The motion to dismiss in this case is on the ground the record of appeal is not stamped as required by Sec. 1 of Act No. 136 of 1880.
The appellant claims that under the order of the lower court the appeal was allowed in forma pauperis, dispensing him from stamping the record. We are aware of no legislation that authorizes this court to dispense with the stamping of the record as a preliminary to the hearing of the cause. The appellant refers to the dispensation from costs accorded by courts of equity to the poor litigant and insists our courts can observe the same rule. But our courts are controlled by the legislation on this subject. That legislation is to provide the means to maintain the judiciary by stamps to be paid for by the litigant and affixed to all papers filed or used in the courts, including records of appeal. The State is exempted from costs on the general principle that in its own courts the sovereign pays no costs.
*1204 The city pays none in advance in criminal cases by statutory exemption, and there may be other exemptions by statute. The exemptions illustrate the rule that all litigants must observe the law requiring stamps in legal proceedings. It is claimed that the eleventh article of the Bill of Rights of the State Oonstitution declaring that the courts are open to all entitles the appellant in forma pauperis to file the record without stamps. The same Oonstitution provides for stamps to be paid by litigants as the revenue of the State for supporting the courts. If under Article 11 of the Bill of Rights the courts are to be open without costs to the class of litigants who claim privileges as poor litigants — on the same principle it might be claimed there was no authority under the Bill of Rights to exact any stamps. We think the right of all to appeal to the courts for the redress of. grievances is subject to the limitation in the Oonstitution itself, that fees shall be paid in the form of stamps. We find no warrant in the Oonstitution or in our legislation to dispense the appellant from stamping the record, and we can not supply an exception when the law-giver has made none. Constitution, Art. 145; Act No. 136 of 1880, Sec. 1, par. 45, Sec. 10, 22.
In 33d An. 226, an application was made to this court to compel the lower court to send up the record without the stamps on the ground of the poverty of the litigant. This court, without passing on the question of exemption of the litigant from costs, referred the applicant to the lower court. The case decides nothing except the application must be made primarily to the lower court. In this case that application. was made and the issue now is presented to this court, whether it can entertain this appeal on an unstamped record. In our opinion we can not, but in view of appellant’s application to the lower court, and by reason of its order, we think the appellant should be allowed an opportunity to stamp the record if he desires to submit his case for decision.
It is therefore ordered, adjudged and decreed that the appeal be dismissed at the appellant’s cost, unless within ten days he place the requisite stamps on the record of appeal.