(64 South. 823.)

No. 19,870.

SIMS v. NEW ORLEANS RY. & LIGHT CO.

(March 16, 1914.)

*(Syllabus by the Court.)*

1. LIMITATION OF ACTIONS (§ 16*)—PRESCRIPTION—PLEADINGS—DETERMINATIVE EFFECT.

The character plaintiff gives his action by his pleadings determines its prescription. Wilson v. McGreal, 12 La. Ann. 357; Lutz v. Forbes, 13 La. Ann. 609; Burch v. Willis, 21 La. Ann 492; Burney v. Ludeling, 47 La. Ann. 89, 16 South. 507.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 66–68; Dec. Dig. § 16.*]

2. LIMITATION OF ACTIONS (§§ 30, 31*)—PRESCRIPTION—DAMAGES FROM OFFENSE—APPLICATION OF STATUTE.

The prescription provided in article 3536, Civil Code, of one year for damages arising from offenses and quasi offenses, applies to damages arising from the infringement of some right personal to the individual, or relating to his property, or the violation of some duty imposed by law. If these ingredients are not present, it is not a quasi offense. Heirs of Burney v. Ludeling, 47 La. Ann. 73, 89, 16 South. 507.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 141, 142; Dec. Dig. §§ 30, 31.*]

Appeal from Twenty-Ninth Judicial District Court, Parish of St. Bernard; R. E. Hingle, Judge.

Action by Marie Cook Sims against the New Orleans Railway & Light Company, for personal injuries. From judgment for plaintiff, defendant appeals. Reversed and dismissed.

Dart, Kernan & Dart, of New Orleans, for appellant. Nunez & Ahrens, of St. Bernard, and L. Fred Andry, of New Orleans, for appellee.

SOMMERVILLE, J. Plaintiff alleges that, while riding as a passenger in a car of the defendant company, she was carelessly and recklessly thrown from the car and injured and damaged in the manner and to the extent described in her petition; that the car had stopped for her to alight, when, without any notice to her, the said car suddenly started and threw her bodily out of the car; that she suffered, as the result of said fall, great bodily and mental pain, and that she was damaged by the said fall, all due to the carelessness of the conductor and motorman of the said car, and in the sum of $2,500; that the injury and damage were caused solely and entirely by the fault, gross negligence, and carelessness, and want of skill on the part of the conductor and motorneer of the car of the said company. She further alleges that the occurrence related above took place September 16, 1911. This suit was filed September 11, 1912, and the return of the sheriff on the citation shows that a copy of the petition and citation were served on defendant September 23, 1912.

Defendant pleads the prescription of one year. It was overruled; it should have been sustained.

Article 2315, Civil Code, under the head of offenses and quasi offenses, provides that:

"Every act whatever of man that causes damage to another, obliges him by whose fault it happened to repair it," etc.

And article 2320 makes masters and employers answerable for the damages occasioned by their servants and overseers, in the exercise of the functions in which they are employed. Article 3536 provides that the action for damages resulting from offenses or quasi offenses shall be prescribed by one year; and article 3537 fixes the time when prescription shall run as that at which the damage was sustained. '

[1] The excerpt taken from plaintiff's petition, and given above, characterizes her action as one arising from a tort, or quasi offense, committed by employés of the defendant. The character of the action given by plaintiff in her petition determines the prescription. Wilson v. McGreal, 12 La. Ann. 357, 359; Lutz v. Forbes, 13 La. Ann. 609; Burch v. Willis, 21 La. Ann. 492; Burney v. Ludeling, 47 La. Ann. 89, 16 South. 507, and authorities there cited.

[2] The decisions of this court, interpreting article 3536 of the Civil Code, hold that there must have been some infringement by the defendant either to the person or the property of the plaintiff in order to make the prescription therein provided for effective.

The injuries from which damages spring are generally those from injuries to persons, property, or reputation, from deceit, slander and libel, malicious prosecution, conspiracy, assault and battery, false imprisonment, seduction, trespass, conversion, infringement of patents and trade-marks, damage by animals, negligence, and offenses.

A quotation from Underhill on Torts, 4, would indicate that the interpretation above is generally applied, for he says that it applies to the violation of those rights which belong to every individual, such as the right to personal security, to liberty, to property, to reputation, to the services of one's children, and to the companionship of one's wife, and, to the violation of those duties attached to every individual, the duty of not deceiving by false representation, of not prosecuting another maliciously, and of not using one's property so as to injure another.

The plea of prescription is sustained.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be annulled, avoided, and reversed; and it is now ordered, adjudged, and decreed that there be judgment in favor of defendant and against plaintiff, dismissing her suit at her cost in both courts.

PROVOSTY, J., absent on account of illness, takes no part.