No.——
First Circuit Appeal.

---

## NEW ORLEANS TENT AND AWNING COMPANY v. W. S. MILLER

---

(Feb. 18, 1925, Opinion and Decree)

---

(*Syllabus by the Editor.*)

1. Louisiana Digest—Pleading—Par. 112, 113, 117. Prescription—Par. 224.
The plaintiff cannot by his pleading change a promissory note into a written acknowledgment and thereby alter the period of prescription applicable to the case.

2. Louisiana Digest—Prescription—Par. 101.
A negotiable instrument is prescribed in five years from the time it becomes due or is acknowledged whatever may be the origin or nature of the obligation it may be evidence of or represent.

Appeal from the Parish of St. Tammany, Hon. Prentiss B. Carter, Judge.

This is a suit for the collection of the face value of a promissory note. Defendant filed a plea of prescription of three and five years which was sustained. Plaintiff appealed.

Judgment affirmed.

A. S. Burns, of Franklinton, attorney for plaintiff, appellant.

J. W. Simmons, of Covington, attorney for defendant, appellee.

MOUTON, J. Plaintiff alleges that in 1914, he advanced certain goods and merchandises in the sum of $449.90 to defendant, as shown by an itemized account annexed to his petition. He avers that this account was verbally acknowledged by defendant; that later, on Sept. 20, 1915, defendant acknowledged the account in writing, and which written acknowledgment is annexed to his petition for the purpose solely of showing a written acknowledgment of the debt.

Defendant filed a plea of prescription of three and five years which was sustained. Plaintiff appeals.

The document which plaintiff characterizes as a written acknowledgment is in the form of a promissory note signed by defendant Sept. 19, 1915, and made payable six months afters date with 8 per cent interest from date. Plaintiff's petition was filed Jan. 31, 1924, more than nine years after the note became due. In order to avoid the prescription that had accrued on

the note, plaintiff by virtue of his pleadings is seeking to convert or transform the promissory note into a mere acknowledgment of the debt under which it would be prescribed in ten years. In Jane Cowand vs. Josephine Pulley, 11 La. Ann. 2, the question presented was as to whether the prescription of three years, is applicable to a loan of money for which, at the time of making it, a note or a due bill, in a negotiable form, was given. The court held that the prescription of three years did not apply because the Legislature intended to protect the holders of debts evidenced by negotiable paper against the operation of any prescription but that of five years. Here, the note was not given when the goods were advanced, but was executed at at a subsequent time. This circumstance is, however, of no importance as it was the merging of the debt into a negotiable instrument which had the effect of bringing the obligation evidenced by the annexed note within the grasp of the prescription of five years. In the case of Perret vs. Roussel, 19 La. Ann. 174, the court in passing on a similar question said:

"Whatever may be the nature of an obligation, evidenced by a negotiable instrument, it is subject to the same prescription as the instrument itself."

This decision affirms the principle previously announced. Plaintiff alleges that defendant after signing the note left the State. We do not understand that plaintiff depends on this alleged fact as a cause for the interruption of prescription. This would not, however, avail him as prescription runs against persons residing out of the State. Act 17, 1923, p. 35. Counsel for plaintiff refers to the cases reported in John E. Burch vs. Americanus Willis, 21 La. Ann. 492; Sims vs. New Orleans Ry. & Light Company, 134 La. 897, 64 South. 823; Frederick Lutz vs. Andry Forbes, 13 La. Ann. 609; where the court held that the

character plaintiff gives to his pleadings determines its prescription. In those cases, the issue presented here was not admitted for consideration, and was not passed upon by the court. The decision relied upon by counsel for plaintiff above mentioned, in no way affect or militate against the principle repeatedly recognized that a negotiable instrument is prescribed in five years from the time it becomes due whatever may be the origin or nature of the obligation it may be evidenced or represent. As more than five years had elapsed from the maturity of the note when this suit was brought, prescripition had accrued thereon, and the demand of the plaintiff was properly dismissed.