172 So. 153

**LUCAS v. GEO. M. COX OF TENN., Inc.**

No. 33230.

Jan. 4, 1937.

Jno. E. Jackson and Baldwin J. Allen, both of New Orleans, for appellant.

Edward M. Robbert and J. Studebaker Lucas, both of New Orleans, for appellee.

LAND, Justice.

Plaintiff brought suit against defendant, Geo. M. Cox of Tenn., Inc., on July 2, 1931, for legal services which he claims to have rendered the corporation from March 26, 1926, to June 1, 1931, and for money alleged to have been advanced by him for the corporation during that period.

Plaintiff prays for judgment in the full sum of $10,760.54. Judgment was rendered in plaintiff's favor in the sum of $750 and costs, from which defendant, Geo. M. Cox of Tenn., Inc., has appealed.

(1) George M. Cox, Inc., was the parent corporation of the defendant, Geo. M. Cox of Tenn., Inc., and of Geo. M. Cox

of Georgia, Inc., subsidiaries. All of the stock of this group of three corporations was owned by George M. Cox, president of all three corporations, a few outstanding shares being in the names of directors in order to qualify them as such.

The general business of this group of corporations was conducted from one main office, the office of George M. Cox, Inc., at New Orleans; and the officers and employees conducting the business of this group from the main office were paid their salaries by George M. Cox, Inc., although they all served the three corporations. The only distinction made between these three corporations was in the keeping of records, such as minutes, books, and other records, in order that a comprehensive and accurate history of the business might be recorded. See testimony of Schenck, Smith, and Mrs. Cox, Tr., pp. 323–328, 341–350.

The above facts are important, inasmuch as defendant and appellant pleads payment in full to plaintiff, on the basis of quantum meruit, by Geo. M. Cox, Inc., the patent corporation of Geo. M. Cox of Tenn., Inc., for all legal services rendered and advances made by plaintiff to both Geo. M. Cox, Inc., and appellant.

The secretary of plaintiff, Miss Bosio, admitted that she had obtained frequent payments from Mr. Cox's office to plaintiff. Tr., pp. 146–155.

In the suit entitled J. Studebaker Lucas v. Geo. M. Cox, Inc., No. 205, 434 in the Civil District Court for the Parish of Orleans, the entire record was admitted in evidence and became a part of the proceedings in this case.

A statement attached to the petition in that case shows that plaintiff received checks on the dates and in the amounts following:

| | | | | |
|---|---|---|---|---|
| 3/24/26 | Received | on | Account | $ 400.00 |
| 6/5/26 | " | " | " | 100.00 |
| 6/12/26 | " | " | " | 100.00 |
| 6/19/26 | " | " | " | 100.00 |
| 7/12/26 | " | " | " | 100.00 |
| 7/24/26 | " | " | " | 100.00 |
| 9/25/26 | " | " | " | 200.00 |
| 4/4/27 | " | " | " | 500.00 |
| 6/14/27 | " | " | " | 100.00 |
| 6/15/27 | " | " | " | 100.00 |
| 1/13/28 | " | " | " | 152.99 |
| 5/4/28 | " | " | " | 500.00 |
| 1/17/30 | " | " | " | 1,000.00 |
| 5/28/30 | " | " | " | 2,000.00 |
| 6/27/30 | " | " | " | 1,000.00 |
| 9/4/30 | " | " | " | 1,000.00 |

Total $7,552.99

Plaintiff thus admitted that he had been paid by Geo. M. Cox, Inc., the aggregate sum of $7,552.99. Tr., p. 38.

Defendant contends, however, that plaintiff admits having received $7,552.99, when in fact he was paid $10,152.99, or $2,600.00 more than he gives Geo. M. Cox, Inc., or appellant credit for; and, in order to prove this additional credit, relies upon the following check stubs of Geo. M. Cox, Inc., introduced in evidence by appellant:

| | | | |
|---|---|---|---|
| Ex. Defendant A, | 3/12/27 | ....... | $ 500.00 |
| "        " B, | 6/14/27 | ....... | 100.00 |
| "        " C, | 7/2/27 | ........ | 100.00 |
| "        " D, | 10/8/27 | ....... | 100.00 |
| "        " E, | 1/14/30 | ....... | 1,000.00 |
| "        " F, | 5/27/30 | ....... | 2,000.00 |
| "        " G, | 9/4/30 | ........ | 2,000.00 |

Total $5,800.00

The check stubs of Geo. M. Cox of Tenn., Inc., appellant, introduced in evidence, show that plaintiff had been issued check payment on the date and in the amount following: "Ex. Defendant H, 6/27/30......$1,000.00," aggregating a total amount of check stubs of $6,800.

This is the only check issued to plaintiff from a check book of defendant corporation instead of Geo. M. Cox, Inc., the balance all having been issued from a check book of Geo. M. Cox, Inc. As explained by Mrs. Cox. secretary and bookkeeper of both corporations, it was a matter of convenience at that time because of lack of a big balance in Geo. M. Cox of Tenn., Inc., account. "We could just as easily have made a transfer" from that account to the account of Geo. M. Cox, Inc. Tr. pp. 340, 341.

Defendant admits that the following items included in the above check stubs are shown in the credits of $7,552.99 allowed by plaintiff:

Ex. Defendant B, 6/14/27....... $ 100.00
 "        "      D, 10/8/27.......    100.00
 "        "      E, 1/14/30.......  1,000.00
 "        "      F, 5/27/30.......  2,000.00

Deducting these items from the additional credits claimed by appellant, we have the following credits, which appellant contends have not been allowed by plaintiff:

Ex. Defendant A, 3/12/27....... $ 500.00
 "        "      C, 7/2/27........    100.00
 "        "      G, 9/4/30........  2,000.00
                                  ─────────
                        Total  $2,600.00

■ The credits of $500 and $100 are not allowed by plaintiff. Referring to the

credits allowed by plaintiff, we find: "9/4/30 Received on Account...... $1,000.00." Both items $2,000 and $1,000 relate to payment of fees, and both of these credits are of the same date, 9/4/30. It is not shown by proof in the record that plaintiff received two fees, one of $1,000 and another of $2,000 on 9/4/30. In the absence of such proof, we must conclude that the plaintiff was in error in allowing a credit of only $1,000 of date 9/4/30, and that the credit should have been for $2,000 as of that date.

Adding the additional credits of $2,600 to the credits of $7,552.99, admitted by plaintiff, we have total credits to which appellant is entitled in the sum of $10,152.99. Deducting this sum from $10,760.54, amount sued for by plaintiff, we have a balance of $607.55 due plaintiff.

■ (2) Defendant has pleaded the prescription of three years, under article 3538 of the Civil Code, against any claim for legal services, costs, or advances rendered or made by plaintiff previous to July 2, 1928, the present suit having been filed July 2, 1931.

Defendant has pleaded payment in full of all the claims sued upon amounting to $10,760.54, and has proved credits amounting to $10,152.99, leaving a balance due to plaintiff of $607.55.

These credits wipe out the amount of all claims prescribed prior to July 2, 1928, $4,302.19, and pay all of the claims sued upon and not prescribed, except the balance of $607.55 due to plaintiff.

The prescribed claims having been all paid, there is no such indebtedness left to be extinguished by the plea of prescription of three years, and the plea is therefore overruled.

It is therefore ordered that the judgment appealed from in favor of plaintiff, J. Studebaker Lucas, and against defendant, Geo. M. Cox of Tenn., Inc., in the sum of $750 and all costs, be and is hereby amended, by reducing the amount awarded therein to plaintiff from $750 to $607.55.

It is now ordered that the judgment, as amended, be affirmed, and that plaintiff, appellee, pay the costs of this appeal.