175 So. 584

LUCAS v. GEORGE M. COX OF GEORGIA, Inc.

No. 33752.

June 21, 1937.

Jno. E. Jackson and Baldwin J. Allen, both of New Orleans, for appellant.

E. M. Robbert and J. Studebaker Lucas, both of New Orleans, for appellee.

O'NIELL, Chief Justice.

This is a suit for fees for professional services alleged to have been rendered by the plaintiff as attorney at law during the period from March 24, 1926, to June 1, 1931. The amount claimed is $10,661.35, according to an itemized account annexed to the plaintiff's petition. The first four items on the account are for small sums, amounting to $28, alleged to have been paid out by the plaintiff on March 24, 1926, when the corporation was organized, viz.: Recording the charter, 800 words, $2; certificate of registry, $1; incorporation tax, $10; and notary's fee, $15. The fifth item, bearing the same date, is a fee of $175 for organizing the corporation. The remaining six items on the account, amounting to $10,348.35, are for the quantum meruit, as estimated by the plaintiff, for consultations with the officers of the corporation, and for advice given to them, during the period from the date of the incorporation, March 24, 1926, until June 1, 1931. The plaintiff claims, as the value of the services so rendered, $1,000 for the year 1926, $1,500 for each of the three following

years, 1927, 1928 and 1929, $3,500 for the year 1930, and $1,458.35 (at the rate of $3,500 per annum) for the five months in 1931. The services are charged for by the year, and are not otherwise itemized.

The defendant pleaded that the indebtedness claimed by the plaintiff was really an indebtedness of George M. Cox, or of a group of three corporations of which he was president and owned all of the capital stock, and in the names of which he carried on his business, namely, George M. Cox, Inc., which was the parent corporation, and George M. Cox of Georgia, Inc., and George M. Cox of Tennessee, Inc.; and that the indebtedness was paid in full, not according to the quantum meruit as estimated by the plaintiff, but to the full extent of the value of the services rendered. The defendant pleaded also the prescription of three years, as to any indebtedness that was past due for three years when the suit was filed. The plea is founded upon article 3538 of the Civil Code, which, in the list of suits that are declared barred by the prescription of three years, includes those for attorneys' fees or emoluments, those for money lent, and those on open accounts. The judge, after hearing the evidence, and without referring to the plea of prescription, gave judgment for the plaintiff for $1,000. The defendant has appealed; and the plaintiff, answering the appeal, prays for an increase of the amount of the judgment to the sum sued for.

Both the law and the facts of this case are stated in the opinion rendered in the companion case, Lucas v. Geo. M. Cox of Tenn., Inc., 186 La. 263, 172 So. 153, decided on the 4th day of January, this year. In that case the plaintiff, who is the plaintiff also

in this case, sued the George M. Cox of Tennessee, Inc., for $10,760.54, on an account similar to the account sued on in this case, for professional services alleged to have been rendered to that corporation, by having consultations with the officers of the corporation, and giving them advice, as attorney at law, during the period from March 26, 1926, to June 1, 1931. The defense to that suit was the same as in this case. The court found that the defendant in that case, and the corporation which is the defendant in the present case, and the parent corporation, George M. Cox, Inc., were merely the names in which George M. Cox conducted his business—notwithstanding the three corporations were separately incorporated. George M. Cox owned all of the capital stock of the three corporations, owning and controlling even the qualifying shares held by the other directors. He was president of all three corporations, and managed the business of the three corporations from one office, which was the office of George M. Cox, Inc. It was found that the board of directors of each corporation was composed of the same individuals, George M. Cox being chairman of the board. In a word, it was found that each of the three corporations was merely an alter ego of George M. Cox himself. Hence it was held that the professional services which were rendered by the plaintiff, in giving advice to the officers and directors of the two subsidiary corporations, were rendered unto George M. Cox himself, and inured only to George M. Cox himself, or to the parent corporation, George M. Cox, Inc.; and that the payments made by George M. Cox, Inc., to the plaintiff, covered all services rendered to the two subsidiary corporations. The court found that the payments so made, plus a payment of $1,000 made by a check of George M. Cox of Tennessee, Inc., left a balance of $607.55 due to the plaintiff; and for that amount he was given a judgment.

The statement of facts in the opinion rendered in Lucas v. Geo. M. Cox of Tenn., Inc., 186 La. 263, 172 So. 153, fits this case exactly, except for the slight difference in the amounts sued for, viz.:

"Plaintiff brought suit against defendant, Geo. M. Cox of Tenn., Inc., on July 2, 1931, for legal services which he claims to have rendered the corporation from March 26, 1926, to June 1, 1931, and for money alleged to have been advanced by him for the corporation during that period.

"Plaintiff prays for judgment in the full sum of $10,760.54. Judgment was rendered in plaintiff's favor in the sum of $750 and costs, from which defendant, Geo. M. Cox of Tenn., Inc., has appealed.

"George M. Cox, Inc., was the parent corporation of the defendant, Geo. M. Cox of Tenn., Inc., and of Geo. M. Cox of Georgia, Inc., subsidiaries. All of the stock of this group of three corporations was owned by George M. Cox, president of all three corporations, a few outstanding shares being in the names of directors in order to qualify them as such.

"The general business of this group of corporations was conducted from one main office, the office of George M. Cox, Inc., at New Orleans; and the officers and employees conducting the business of this group

from the main office were paid their salaries by George M. Cox, Inc., although they all served the three corporations. The only distinction made between these three corporations was in the keeping of records, such as minutes, books, and other records, in order that a comprehensive and accurate history of the business might be recorded. * * *

"The above facts are important, inasmuch as defendant and appellant pleads payment in full to plaintiff, on the basis of quantum meruit, by Geo. M. Cox, Inc., the parent corporation of Geo. M. Cox of Tenn., Inc., for all legal services rendered and advances made by plaintiff to both Geo. M. Cox, Inc., and appellant [Geo. M. Cox of Tenn., Inc.]."

Here the court gave a list of the checks which the plaintiff admitted he had received from the parent corporation, George M. Cox, Inc., amounting to $7,552.99, including one check of Geo. M. Cox of Tennessee, Inc., for $1,000. The court held that the defendant, Geo. M. Cox of Tennessee, Inc., was entitled to credit for all of the $7,552.99, and also for other payments made by the parent corporation, amounting to $2,600, for which the plaintiff had not acknowledged receipt or given credit. Hence, adding all of the payments made by the parent corporation to the $1,000 payment made by Geo. M. Cox of Tennessee, Inc., the court found that the defendant, Geo. M. Cox of Tennessee, Inc., was entitled to credit for $10,-152.99. Deducting that sum from the $10,-760.54 sued for, the court allowed the plaintiff the balance, and hence reduced the judgment of the civil district court from $750 to $607.55.

It is contended now by the plaintiff that the court made an error in its calculation in the opinion rendered in the suit against the Geo. M. Cox of Tennessee, Inc., in this respect: The court found that the parent corporation had paid $2,000 to the plaintiff by check dated September 4, 1930, and that the plaintiff had given credit to the Geo. M. Cox of Tennessee, Inc., for only $1,000 on that date. But, instead of crediting Geo. M. Cox of Tennessee, Inc., with the $1,000 difference, the court gave credit for the whole $2,000. The statement of the transaction, in the opinion rendered in the case, shows that the Geo. M. Cox of Tennessee, Inc., was given credit for the $2,000, but it is not certain that the Geo. M. Cox of Tennessee, Inc., was not entitled to credit for the $2,000. If such an error was made, it would have been corrected if the plaintiff had asked for a rehearing; but, as no application was made for a rehearing, we assume that the plaintiff considered the judgment correct in that respect.

Aside from the facts found in Lucas v. Geo. M. Cox of Tenn., Inc., and the conclusions arrived at in that case, our conclusion in this case is that the plaintiff has been paid in full for all services rendered to either or both of the subsidiary corporations, George M. Cox of Tennessee, Inc., and George M. Cox of Georgia, Inc., including the amount of the judgment which was given him in Lucas v. George M. Cox of Tennessee, Inc.

The four items amounting to $28 and the item of $175, dated March 24, 1926, on the account sued on, would be prescribed, under the provisions of article 3538 of the

Civil Code, if these items of indebtedness were not extinguished by the application thereto of the large sums which were paid to the plaintiff. For example, he was paid $400 on March 24, 1926, the very date on which the indebtedness was incurred, and he had received payments amounting to $1,100 at the expiration of six months from that date. It would be unreasonable to believe that the plaintiff allowed these items to remain unpaid for a period long enough for a suit for them to be barred by prescription, while he was receiving remittances which finally amounted to $10,760.54. On this subject, in Lucas v. Geo. M. Cox of Tenn., Inc., it was said:

"These credits wipe out the amount of all claims prescribed prior to July 2, 1928, [three years before the suit of Lucas v. Geo. M. Cox of Tenn., Inc., was filed], $4,302.19, and pay all of the claims sued upon and not prescribed, except the balance of $607.55 due to plaintiff.

"The prescribed claims having been all paid, there is no such indebtedness left to be extinguished by the plea of prescription of three years, and the plea is therefore overruled."

In the argument against the plea of prescription, the plaintiff, in his brief, advances a theory which confirms our opinion that the indebtedness that was due to him was to be paid not by both of the subsidiary corporations, but by either one or the other of them, or by the parent corporation. He argues that the indebtedness which was due to him was a solidary obligation on the part of all three corporations, and hence that the prescription was interrupted as to all three corporations, first, by the payments made by any one of the corporations, and, second, by the bringing of a suit against any one of them.

In support of the argument that the prescription of three years, under article 3538 of the Civil Code is not applicable to the $28 which the plaintiff claims to have paid out for the defendant, the plaintiff cites Reddick v. White, 46 La.Ann. 1198, 15 So. 487. The ruling in that case is not applicable because the claim, against which the prescription was pleaded in that case, was for payments made by a member of a partnership, of which the defendant was the other member, and hence the plaintiff could not sue on the claim except for a settlement of the partnership. That was the case also in Owen v. Holmes, 12 Rob. 148; where, as in Reddick v. White, it was held that the prescription applicable to an action for settlement of a partnership was the prescription of ten years.

The judment appealed from is set aside, and the plaintiff's demand is rejected at his cost.