By instrument dated the 24th day of August, 1937, plaintiff company entered into an agreement with one Daniel E. Jones, under the conditions of which Jones agreed to buy goods and articles manufactured or sold by the plaintiff company as he might reasonably require for sale in the conduct of his business.
Following the text of the contract between plaintiff company and Jones, there was set forth a stipulation of guaranty or suretyship which read as follows, to-wit: "In consideration of the execution of the foregoing agreement by The J.R. Watkins Company, which we have read, or heard read, and hereby agree and assent to, and its promise to sell, and the sale and delivery by it, to the Purchaser, as Vendee, of goods and other articles, as therein provided, we, the undersigned sureties, do hereby waive notice of the acceptance of this Agreement, notice of default or of nonpayment, and waive action required, upon notice, by any statute, against the Purchaser; and we jointly, severally and unconditionally promise, agree and guarantee to pay for said goods and other articles, and the prepaid transportation charges thereon, at the time and place, and in the manner in said Agreement provided. And we further severally agree that, in case of the death of one or more of us, the undersigned sureties, before the expiration or termination of this Agreement, the liability of the surviving surety, or sureties, shall continue until notice of the death of the deceased surety, or sureties, is given to the Company, at Winona, Minnesota, by registered mail."
The defendants in this case, James A. Lewis, Mrs. Rivers Anderson Lewis, Joseph S. Johnson and Mrs. Lizzie Coolsby Johnson, signed the above as sureties.
Plaintiff alleges that under the contract and agreement with Jones, it sold and delivered goods, merchandise and/or other articles between the dates of September 8, 1937, and December 9, 1938, aggregating an amount of $1,607.42; and that between the dates of November 5, 1937, and March 21, 1939, there was paid by Jones to petitioner in cash, and credits allowed for the return of merchandise, a total of $764.81, leaving a balance on account of $842.61. Plaintiff sues the sureties above named for the said balance on account. The suit was filed February 15, 1943, and it is noted that Jones, the principal to the agreement with plaintiff, is not made a party to the suit.
On behalf of defendants a plea of prescription of three years was filed in bar of plaintiff's suit.
The plea of prescription is, of course, based upon the fact that the suit is one upon open account and that the lapse of more than three years between the date of the last credit on the account as of March 21, 1939, and date of filing of suit, February 15, 1943, bars recovery.
The plea of prescription was sustained by the district court, judgment rendered accordingly, and from which judgment plaintiff prosecutes this appeal.
The facts involved in this case are almost identical with those considered in the case of J.R. Watkins Company v. George et al., 169 So. 267, which was considered and decided by this court.
In the George case plaintiff sued the defendant together with the sureties. In affirming the judgment sustaining the plea of prescription, Judge Taliaferro clearly stated the points at issue and the legal propositions determinative thereof.
We do not feel it is necessary to reiterate the reasons given in the opinion referred to, since we continue to adhere to the principles stated therein.
Accordingly, the judgment appealed from is affirmed at appellant's cost. *Page 542