89 So.2d 209

## UNITED CARBON COMPANY

v.

## MISSISSIPPI RIVER FUEL CORP.

No. 41309.

June 11, 1956.

Herold, Cousin & Herold, Shreveport, for plaintiff-appellant.

Shotwell & Brown, Monroe, for defendant-appellee.

FOURNET, Chief Justice.

The plaintiff, United Carbon Company, is appealing from a judgment dismissing, on defendant's three-year prescriptive plea, its suit to recover from the Mississippi River Fuel Corporation the sum of $249,140.44, with interest at 6%,[1] under a contract of August 1, 1929, as amended, in which the defendant agreed to pay, over and above the established rate, the sum of 1.6¢ per thousand cubic feet on a quantity of gas equivalent to 15,571,278 thousand cubic feet of gas purchased during the period from November 21, 1944, to November of 1946.

The record discloses that the contract sued on (called the "basic agreement") was entered into by the plaintiff and defendant on August 1, 1929. Thereunder the plaintiff, then constructing a gas pipeline from its lease holdings in the Monroe and Rich-

---

1. Inasmuch as these amounts allegedly became due on three different dates, the prayer is for interest of 6% on $15,584.-90 from January 1, 1945; on $126,582.76 from January 1, 1946; and on $106,972.-78 from January 1, 1947—all until paid.

land gas fields of Louisiana to St. Louis, Missouri, agreed to supply for a period of twenty years, beginning November 21, 1929, 17% of the requirements of the defendant at gradually increased rates per thousand cubic feet, payment therefor to be made by the 20th of each month based upon the daily reading of the meters controlling the intake of the gas, as reflected by statements furnished the seller by the buyer.

The price per thousand cubic feet for the first 3 years (November 21, 1929, to November 21, 1932) was to be 5¢; for the next 2 years (November 21, 1932, to November 21, 1934) 6¢; for the next 5 years (November 21, 1934, to November 21, 1939) 7.6¢; for the next 5 years (November 21, 1939, to November 21, 1944) 8¢; and for the last 5 years (November 21, 1944, to November 21, 1949) the price was to be determined from year to year by mutual agreement or arbitration, though it was never to be less than 8¢. In August of 1934, just before the price of 7.6¢ was to go into effect, the plaintiff and defendant amended the basic agreement to provide that the price of 6¢ per thousand cubic feet of gas, instead of the 7.6¢ originally agreed upon, would continue to prevail during the year beginning November 21, 1934, but that the increase of 1.6¢ thus relinquished by the plaintiff on all gas purchased by the defendant during this year would be deferred and added to an equivalent number of thousand cubic feet

of gas at the agreed or arbitrated price during the last five years of the contract. Similar amendments covering the intake of gas during the years beginning November 21, 1935, and November 21, 1936, were also entered into.

On January 20, 1937, to facilitate the issuance of some $10,000,000 in bonds by the defendant, another amendment was entered into whereunder the basic agreement of August 1, 1929, scheduled to expire on November 20, 1949, was extended to a period not earlier than February 2, 1952, and it was further agreed that although the price to be paid for the gas was to be as theretofore fixed in the original contract as amended, if this price, including the amounts reflected by the 1.6¢ deferred from prior years, exceeded 8¢ per thousand cubic feet of gas, then the price, inclusive of the deferred amount, would be such as to insure that the earnings of the defendant during the period November 21, 1944, to February 2, 1952, would "equal at least 1.5 times the sum of the interest on the sinking fund requirements of all bonds * * * outstanding under the First Mortgage and Deed of Trust * * * for such calendar year."

The allegations of the petition, which are not denied, are that during the three-year period November 21, 1934, to November 21, 1937, the defendant took 15,571,278 thousand cubic feet of gas, and that inasmuch as beginning November 21, 1944, and through

November 9, 1946, the defendant took 15,573,141 M cubic feet of gas, it is indebted to the plaintiff over and above the agreed price of 8¢ per thousand cubic feet of gas during this period, the additional amount of 1.6¢ previously deferred on an amount equivalent to the 15,571,278 thousand cubic feet taken during the years 1934–37 inasmuch as all of the conditions of the amendment of January 20, 1937, were fulfilled, including the one that the earnings of the defendant be at least equal to 1.5 times the sum of the interest and sinking fund requirements of the first mortgage deed and trust referred to in this amendment.

It is the contention of the defendant, in which it has been maintained by the trial judge, that inasmuch as the contract was one to buy and sell future unspecified quantities of gas, dependent upon the requirements of the purchaser, "for which the buyer was to pay the seller at stipulated periods in accordance with accounts to be rendered showing the quantity of the commodity delivered during such period and the amount due therefor," the suit was not one for a specified and definite sum alleged to be due by virtue of a contract, but, rather, one by a merchant on an open account within the meaning and contemplation of Article 3538 of the LSA–Civil Code,[2] and particularly that portion thereof providing that the three-year prescription applies to "all other accounts"; consequently, inasmuch as the final payment became due under the contract on January 1, 1947, and this suit was not filed until November 13, 1952, more than three years later, whatever right the plaintiff may have had to recover has prescribed under the holdings in J. R. Watkins Co. v. Calhoun, 219 La. 151, 52 So.2d 528; W. T. Rawleigh Co. v. Thrasher, La.App., 153 So. 719; J. R. Watkins Co. v. George, La.App., 169 So. 267; and J. R. Watkins Co. v. Lewis, La.App., 16 So.2d 495.

The plaintiff, on the other hand, contends it is not a merchant and the suit is not one on an account within the meaning and contemplation of Article 3538, but, on the contrary, that it is engaged in the production of natural gas under mineral leases and the

---

2. This article provides: "The following actions are prescribed by three years: That for arrearages of rent charge, annuities and alimony, or of the hire of movables and immovables. That for the payment of money lent. That for the salaries of overseers, clerks, secretaries, and of teachers of the sciences who give lessons by the year or quarter. That of phyicians, surgeons and apothecaries for visits, operations and medicines. That of parish recorders, sheriffs, clerks and attorneys for their fees and emoluments. *That on the accounts of merchants, whether selling for wholesale or retail. That for the accounts of retailers of provisions, and that of retailers of liquors, who do not sell ardent spirits in less quantities than a quart. That on all other accounts.* This prescription only ceases from the time there has been an account acknowledged in writing, a note or bond given, or an action commenced." The italicized portion is the applicable provision in the instant case from the defendant's standpoint.

sale of that gas under long-term, negotiated firm or requirement contracts, and since its gas is dedicated to the performance of those contracts, being otherwise unavailable for sale, its suit is one by an undertaker or contractor to enforce the particular contractual obligations under which the defendant agreed to pay the plaintiff, upon the happening of certain conditions, which have occurred, the fixed additional sum of 1.6¢ per thousand cubic feet on a determined and/or ascertainable volume of gas, which sum had been deferred from previous years under amendments to the basic agreement, and that such action is, therefore, controlled by the prescription of ten years under Article 3544 of the LSA–Civil Code.[3]

■ It is well settled that the character and form of the action as set out in the pleadings governs the applicable prescription. Sims v. New Orleans Ry. & Light Co., 134 La. 897, 64 So. 823; Martin v. Texas Co., 150 La. 556, 90 So. 922; American Heating & Plumbing Co. v. West End Country Club, 171 La. 482, 131 So. 466; Antoine v. Franichevich, 184 La. 612, 167 So. 98; Shepard Realty Co. v. United Shoe Stores Co., 193 La. 211, 190 So. 383; and Kramer v. Freeman, 198 La. 244, 3 So.2d 609. It is equally well settled that prescrip-

tive statutes are strictly construed, and the facts of the case must bring the action clearly within the specific provisions of the law sought to be applied. Police Jury of East Baton Rouge v. Succession of McDonogh, 10 La.Ann. 395; Cooper v. Harrison, 12 La.Ann. 631; Dolhonde v. Laurans' Widow & Heirs, 21 La.Ann. 406; Reddick v. White, 46 La.Ann. 1198, 15 So. 487; and Meyer v. Parish of Plaquemines, La.App., 11 So.2d 291.

■ An examination of Article 3538 in the light of its history [4] discloses the inclusion of the phrase "all other accounts", by the amendment in 1888, Act No. 78, was not intended to make the three-year prescription applicable to demands and claims arising under contracts, but, instead, to have the effect of making the prescription there provided applicable to "accounts stated or rendered, and verbally or tacitly acknowledged, as well as to open accounts not so acknowledged." Sleet v. Sleet, 109 La. 302, 33 So. 322, 325. This prescription has always referred to "accounts for goods sold, and merchants' accounts against their customers, and generally to those business or other relations in which accounts are usually rendered", Reddick v. White, 46 La.Ann. 1198, 15 So. 487, 490, as there-

3. Article 3544 provides: "In general, all personal actions, except those before enumerated, are prescribed by ten years."

4. Reddick v. White, 46 La.Ann. 1198, 15 So. 487; Sleet v. Sleet, 109 La. 302, 33 So. 322; Henry Block Co. Ltd. v. Papania, 121 La. 683, 46 So. 694; Succession of Spann, 169 La. 412, 125 So. 289; and Meyer v. Parish of Plaquemines, La. App., 11 So.2d 291.

above specifically enumerated,[5] a classification into which the plaintiff here obviously does not fall.

 Furthermore, contrary to the contention of counsel for the defendant, it is clear from a mere reading of the petition that this suit is one for the enforcement of the specific and express obligations of a contract that provide for the deferment of the payment of an increased or added consideration that is based upon a determined and/or ascertainable volume of gas. The fact that the determination of this amount requires a calculation of the quantity of gas delivered at fixed prices prior to the time this added or deferred increase became due upon the occurrence of certain stipulated conditions does not render the obligation uncertain, for the amount of this increase was fixed prior to the date of the delivery of the gas, and also prior to the time the payment for the gas became due. Had it not been for the promise to pay and the occurrence of the conditions upon which that promise became enforceable, the mere delivery of the gas would not have given rise to the defendant's obligation to pay the added sum of 1.6¢ herein sued for. The obligation exists by reason of the written contract, and arose upon the happening of the stipulated conditions.

5. For an exhaustive discussion of the word "other" as used in "other accounts," disclosing this means other accounts similar to those just enumerated, see by compari-

The authorities relied on by the defendant, dealing specifically with written and/or verbal agreements between merchants and/or wholesalers and retailers in the commonly accepted sense of the word are not, therefore apposite.

For the reasons assigned, the judgment appealed from is annulled and set aside; the plea of prescription is overruled; and the case is remanded for further proceedings consistent with the views herein expressed and in conformity with law. All costs of this appeal are to be borne by the defendant; all other costs are to await further proceedings.

son Huie Hodge Lumber Co. v. Railroad Lands Co., 151 La. 197, 91 So. 676; and Holloway Gravel Co. v. McKowen, 200 La. 917, 9 So.2d 228.