98 So.2d 199

.Alfred J. HEBERT, Wilbert B. Morales, Russell J. Comeaux, Mrs. Lilline O. Mollo,

v.

Anthony SPANO et al.

In re: Judges of the Court of Appeal, First Circuit, State of Louisiana, applying for instructions.

No. 43614.

Nov. 12, 1957.

Huckabay & Wall, Baton Rouge, for defendants-appellants.

Starring & Roy, Baton Rouge, for plaintiffs-appellees.

MOISE, Justice.

Under the authority of Article VII, Sec. 25, of the Louisiana Constitution of 1921, LSA; LSA–R.S. 13:4449, and Rule XII, Sec. 4, of the Revised Rules of the Supreme Court of Louisiana, the Honorable Court of Appeal, First Circuit, State of Louisiana, has certified the following question of law to this Court:

Is Saturday, being a half holiday under the holiday act, Act 593 of 1954, a full legal holiday notwithstanding the fact that the holiday act specifically provides that it shall be lawful to file and record suits, etc. on Wednesday and Saturday holidays and half holidays?

The four above consolidated suits, resulting from an automobile accident that occurred on April 2, 1954, were filed on Monday morning, April 4, 1955. The defendants filed pleas of prescription and peremption, averring that more than one year had elapsed from the time of the accident and the commencement of the actions. The trial court overruled the exceptions and rendered

judgment in favor of the plaintiffs on the merits. Defendants appealed to the Court of Appeal, First Circuit, again urging their pleas of prescription and peremption. Before considering the appeal on the merits, the Court of Appeal, First Circuit, has requested a ruling from this Court on the question presented by the exceptions.

Article 2315 of the LSA–Civil Code provides that the right of action for wrongful death shall survive in favor of certain named persons for the space of one year from the date of death. Article 3536 of the LSA–Civil Code likewise provides that actions for offenses or quasi offenses are prescribed by one year.

The trial court reasoned that plaintiffs had through Monday, April 4, 1955 to file their suits, since the accident herein involved occurred on April 2, 1954 and Saturday, April 2, 1955 was a half holiday.

This matter originated in the jurisdiction of the Eighteenth Judicial District Court in and for the Parish of West Baton Rouge. It is stipulated by counsel that in accordance with LSA–R.S. 1:55, the Court House for the Parish of West Baton Rouge, located in Port Allen, Louisiana, was closed from 12:-00 noon Saturday, April 2, 1955, until 9:00 A.M. Monday, April 4, 1955. Act 593, LSA–R.S. 1:55, provides:

"A. (2) In all parishes of the state the governing authorities thereof shall have the option to declare the whole of every Saturday a holiday, and until the whole of Saturday is so declared a holiday in any parish, Saturday from 12 o'clock noon until 12 o'clock midnight shall be a half-holiday; * * *

"C. It shall be lawful to file and record suits, deeds, mortgages, and liens, to issue and serve citation, to make sheriff's sales, and to take and to execute all other legal proceedings on Wednesday and Saturday holidays and half-holidays."

This Court has always held that prescriptive statutes are to be strictly construed. Very recently, in the case of United Carbon Company v. Mississippi River Fuel Corp., 230 La. 709, 89 So.2d 209, 212, we stated:

" * * * It is equally well settled that prescriptive statutes are strictly construed, and the facts of the case must bring the action clearly within the specific provisions of the law sought to be applied. Police Jury of East Baton Rouge v. Succession of McDonogh, 10 La.Ann. 395; Cooper v. Harrison, 12 La.Ann. 631; Dolhonde v. Laurans' Widow & Heirs, 21 La.Ann. 406; Reddick v. White, 46 La.Ann. 1198, 15 So. 487; and Meyer v. Parish of Plaquemines, La.App., 11 So.2d 291."

It has also been the opinion of this Court that when the law allows a person only a limited time in which to file actions, he should be allowed the full and complete time.

"When the law allows a person only a limited time within which to exercise a legal right, the person seeking to exercise the right should be entitled to the whole, and not merely one half, of the allotted time. Under respondent's contention, should the two days allowed by law for the bringing of a suit of this character happen to fall on successive legal holidays a person seeking to bring such a suit would be powerless to act. He would be remediless under the very terms of the statute giving him the remedy. It is not reasonable to suppose the legislature intended that such an absurd consequence would result from the application or attempted application of the statutory provisions." State ex rel. Graham v. Republican State Central Committee of Louisiana, 193 La. 863, 192 So. 374, 378.

The Revised Civil Code provides that the time required for prescription is reckoned by days and not by hours. LSA–C.C. Art. 3467. Since April 2, 1955 was a Saturday, it was a legal half-holiday. Therefore, if plaintiffs' rights had expired on April 2, 1955, they would not have had the complete year in which to file their petitions.

■ We find that the language of LSA–R.S. 1:55 and Act 593 of 1954, supra, to the effect that it is lawful to file suits, etc. and execute legal proceedings on Saturday half-holidays is permissive. It is not mandatory. In discussing Act 165 of 1932 (one of the sources of R.S. 1:55), Justice McCaleb, as organ of the Court in the case of Frank v. Currie, La.App., 172 So. 843, 846, (Writs Refused, Judgment Correct) No. 34,372 of the Docket of this Court, stated:

"* * * As we view the proviso, contained in the statute (No. 165 of 1932), it is merely permissive and is not mandatory and, while it recognizes the validity of the performance of certain legal acts on Saturday, it does not penalize those charged with such performance in the event they fail to execute them on the half holiday. It is true that Mrs. Currie might have filed her answer to the original petition on Saturday, July 29th, prior to 12 o'clock noon, when the office of the clerk of the First City Court was open, but article 1082 of the Code of Practice did not oblige her to appear and answer the petition until the third day after the service of citation. The best that can be said, if we count the Saturday half holiday, is that Mrs. Currie was allowed two and one-half days within which to file her answer, and to hold that Saturday should be counted, even though it be a half holiday under the law, would be contrary to the jurisprudence established by the cases hereinabove discussed."

In the Currie case, supra, the Court reaffirmed the ruling of the Rady case, Rady v. Fire Ins. Patrol of New Orleans, 126 La.

273, 52 So. 491, which held that Act No. 3 of 1904 places Saturday half holidays on the same footing as Sunday and other legal holidays and days of public rest, and that Act No. 6 of 1904 treats such half holiday as a dies non juridicus. We stated:

"It is claimed by counsel for Frank that the Rady Case may not be relied on, in determining the problem here involved, because the act of 1904 has been repealed, with respect to the service of citation on a Saturday half-holiday, and the law, as it now stands, specifically permits the service of citation on Saturdays. It is true that the statute has been amended so as to allow certain legal acts to be performed on Saturday, but, notwithstanding the permission granted, the statute also designates Saturday to be a half holiday. Hence the Rady Case is authority for the proposition that Saturday, being a half holiday, does not require persons, charged with the duty of performing legal acts on that day, to execute them. * * *"

Under the above authorities, plaintiffs were not under compulsion to file their petitions before midnight, April 2, 1955. This being the case, and the prescription being reckoned by days, Saturday, April 2, 1955 became as to plaintiffs dies non juridicus in order to comply with the mandatory law to the effect that they had a complete year in which to file their petitions.

The day following April 2, 1955—April 3,. 1955—was a Sunday, and

"The rule has been established by a consistent line of decisions by this court, the earliest of which decisions was rendered more than a hundred years ago, that, when the last day of a term allowed by law for taking any stated action in a judicial proceeding falls. on a Sunday or other legal holiday, the action may be taken on the next day following, as effectively as if taken on the day before the last day of the term. * * *" Mansur v. Abraham, 183 La. 633, 164 So. 421, 422.

It follows that Sunday, April 3, 1955, was a legal holiday, and plaintiffs were entitled to an extension of time until April 4, 1955 to file their petitions. State ex rel. Marcade v. City of New Orleans, 216 La. 587, 44 So.2d 305.

■ Our answer to the question propounded by the Judges of the Court of Appeal, First Circuit, is that in an action for tort when Saturday is the last day of the year in which a petition might be filed under Article 2315 and 3536 of the LSA–Civil Code, the filing of the suit and serving of the citation on the following Monday, such day not being a legal holiday, will interrupt prescription. According to the facts submitted by the Court of Appeal, First Circuit, prescription was interrupted in this instance.

According to the jurisprudence, and more particularly the case of Frank v. Currie, La.App., 172 So. 843, wherein writs were applied for to this Court and passed upon, and as sure as day follows night, prescription has been interrupted in the instant case and the Honorable Court of Appeal, First Circuit, is so instructed.