MORIAL, Judge.
Plaintiff, Ford Marketing Corporation — ■ Ford Parts Division, appeals a decision of the trial court dismissing its suit on an exception of prescription.
On November 16, 1973 plaintiff sued defendant via a petition styled, “Petition on Open Account” demanding $1,508.40 with interest and cost. Plaintiff alleged that it had sold and delivered to defendant on open account goods, wares, merchandise and/or services as itemized and set forth in the attached sworn statement of account. Defendant filed a peremptory exception of prescription averring that the suit was filed more than three years after the last purchase or payment on the open account. LSA-C.C. Art. 3538.[1]
Plaintiff then filed a “First Supplemental and Amending Petition” alleging *800 that the merchandise was “sold and delivered to defendant, First Auto Parts, Inc., pursuant to direct account sales agreement dated May 29, 1968.” Plaintiff asserted that its claim was based upon the said agreement executed between the plaintiff and defendant and is therefore subject to the ten years libertive prescription of LSA-C.C. Art. 3S44.[2] The trial court sustained defendant’s exception and dismissed plaintiff’s suit. We affirm.
Plaintiff contends that the “Direct Account Sales Agreement,” executed between plaintiff and defendant on May 29, 1968, pursuant to which merchandise was sold to defendant, created a contractual relationship between the parties, which is prescribed by the libertive prescription of ten years enunciated in LSA-C.C. Art. 3544.
Defendant argues that plaintiff has either: (1) asserted a contractual agreement where none exists; or, (2) has confused a written agreement between two parties, the purpose of which was obviously to establish certain ground rules under which both the purchaser and seller would handle any merchandise which might be subsequently ordered on open account, with a written contract of sale or a written ac-knowledgement of specific debt; and (3) that purchases were on an open account which is subject to the three year prescriptive period of LSA-C.C. Art. 3538.
To support its argument that the suit is on contract plaintiff cites United Carbon Company v. Mississippi River Fuel Corp., 230 La. 559, 89 So.2d 209 (1956); Remington Rand v. Lester Boliew, d/b/a Blue’s Red Devil Cocktail Lounge, 131 So.2d 835 (La.App. 2 Cir. 1961); Louisiana Sportservice, Inc. v. Monsour, 59 So.2d 499 (La.App. 2 Cir. 1952); White Bros. Co., Inc. v. Shinn, 160 So. 823 (Orl.La.App.1935). The cases are inapposite and require no discussion. Suffice it to state that in each case the agreement under question contained specific provisions relating to the thing, the price, and the consent of the parties. In White Bros., supra, after the defendant had made purchases on an open account, he acknowledged his debt by entering into a written contract which recited in detail, the merchandise purchased, the dates of purchases and the price and terms of payment.
In the case at bar the “Direct Account Sales Agreement” sets forth that “Direct Account [defendant] shall furnish the Company [plaintiff] each week, on the dates and forms established by the Company, an order for Direct Account’s requirement of Autolite-Ford Parts for the succeeding interval for which the order is submitted,” and shall “ * * * pay the price established by the Company at the time of shipment * * The agreement further provides that the “ * * * Direct Account shall pay the Company for each purchase of Autolite Ford Parts under this agreement within the time specified in the Company’s statement or invoice therefor.” Apparent from the language of the agreement is that there was running or concurrent dealings between the parties which were not closed, settled, or stated and further dealings between the parties were contemplated. Further, averments of the plaintiff’s petitions with the attached sworn statement of account, the “Customers Statement” and “Direct Account Sales Agreement” manifest clearly that the debts originated as accounts for merchandise sold to defendant; that at the time of origin purchases were made for which plaintiff was to render a periodic statement for payment and as such constituted nothing more or less than an “open account.”
In United Carbon Company v. Mississippi River Fuel Corp., supra, 89 So.2d at p. 212 the court stated:
“It is well settled that the character and form of the action as set out in the pleadings governs the applicable prescription. Sims v. New Orleans Ry. & *801 Light Co., 134 La. 897, 64 So. 823; Martin v. Texas Co., 150 La. 556, 90 So. 922; American Heating & Plumbing Co. v. West End Country Club, 171 La. 482, 131 So. 466; Antoine v. Franichevich, 184 La. 612, 167 So. 98; Shepard Realty Co. v. United Shoe Stores Co., 193 La. 211, 190 So. 383; and Kramer v. Freeman, 198 La. 244, 3 So.2d 609 It is equally well settled that prescriptive statutes are strictly construed, and the facts of the case must bring the action clearly within the specific provisions of the law sought to be applied. Police Jury of East Baton Rouge v. Succession of McDonogh, 10 La.Ann. 395; Cooper v. Harrison, 12 La.Ann. 631; Dolhonde v. Laurans’ Widow & Heirs, 21 La.Ann. 406; Reddick v. White, 46 La.Ann. 1198, 15 So. 487; and Meyer v. Parish of Plaquemines, La.App., 11 So.2d 291.
“An examination of Article 3538 in the light of its history discloses the inclusion of the phrase ‘all other accounts’, by the amendment in 1888, Act No. 78, was not intended to make the three-year prescription applicable to demands and claims arising under contracts, but, instead, to have the effect of making the prescription there provided applicable to ‘accounts stated or rendered, and verbally or tacitly acknowledged, as well as to open accounts not so acknowledged.’ Sleet v. Slett, 109 La. 302, 33 So. 322, 325. This prescription has always referred to ‘accounts for goods sold, and merchants’ accounts against their customers, and generally to those business or other relations in which accounts are usually rendered’, Reddick v. White, 46 La.Ann. 1198, 15 So. 487, 490, as thereabove specifically enumerated, a classification into which the plaintiff here obviously does not fall.” (Footnotes omitted)
Plaintiff’s suit is clearly one by a merchant on an open account within the meaning and contemplation of LSA-C.C. Art. 3538 and particularly that portion thereof providing that the three-year pre-scription applies to “all other accounts.” Consequently, inasmuch as the last sale to defendant was made on August 20, 1970 and plaintiff’s suit was not filed until November 19, 1973, more than three years later, whatever right the plaintiff may have had to recover has prescribed.
The judgment is affirmed.
Affirmed.

. This article provides: “The following actions are prescribed by three years: That for arrearages of rent charge, annuities and alimony, or of the hire of movables and im-movables. That for the payment of money lent. That for the salaries of overseers, clerks, secretaries, and of teachers of the sciences who give lessons by the year or quarter. That of physicians, surgeons and apothecaries for visits, operations and medicines. That of parish recorders, sheriffs, clerks and attorneys for their fees and emoluments. That on the accounts of merchants, whether selling for wholesale or retail. That for the accounts of retailers of provisions, and that of retailers of liquors, who do not sell ardent spirits in less quantities than a quart. That on all other accounts. This prescription only ceases from the time there lias been an account acknowledged in writing, a note or bond given, or an action commenced.”

.. Tills article provides: “In general, all personal actions, except those before enumerated, are prescribed by ten years.”