ARTHUR M. FOLEY *v.* LOUIS BUSH, Administrator, et al.

The plaintiff sued to recover the value of wood cut on his land by the defendants. *Held :* That the action was prescribed as to damages resulting from a trespass which had been committed more than one year previous to the institution of the suit.

APPEAL from the District Court of the parish of Lafourche, *Roman,* J. *C. Belcher*, for plaintiff. *Beatty & Bush*, for defendants and appellants.

VOORHIES, J. The plaintiff sues to recover the sum of $1,500, as the value of 1,550 cords of wood, more or less, alleged to have been cut on his land by the defendants, *Allen & Robinson*, in the summer and fall of 1854 and 1855, for the use of their sugar plantation.

The prescription of one year is interposed as a bar to the action.

The testimony of one of the witnesses proves that there were only 50 or 100 cords of the wood cut, but not hauled away, near the end of the year 1855. "The wood cut in 1855, says the witness, was partly standing and partly cut down before." It is impossible from the evidence, to arrive at a satisfactory conclusion, as to whether the plaintiff sustained any damages or not resulting from this trespass on his land, for the commission of which the defendants appear to be exonerated from any imputation of bad faith. Indeed, the evidence as to the damages in this respect is so uncertain, that we are not prepared to say that the Judge *a quo* erred in excluding them from his assessment. But we think he erred in allowing to the plaintiff damages, resulting from the trespass, which had been committed more than one year previous to the institution of the present suit, as the action was clearly barred by the prescription interposed. The Articles 523 and 524 of the Civil Code, on which the plaintiff's counsel relies to defeat the exception, are, in our opinion inapplicable to an action for damages, resulting from trespass. See Statutes of 1855, page 133, sec. 33 ; C. C. 3,501.

It is, therefore, ordered and decreed, that the judgment of the court below be avoided and reversed ; that there be judgment in favor of the defendants, rejecting the plaintiff's demand at his costs in both courts.