(81 South. 884)

No. 21916.

REYNOLDS v. REISS et al.

(May 9, 1916. On the Merits, March 31, 1919. Rehearing Denied May 5, 1919.)

*(Syllabus by the Court.)*

1. APPEAL AND ERROR ⬅14(1), 365(1)—JURISDICTION — NULLITY — SECOND ORDER OF APPEAL.

An order of appeal to a court without jurisdiction is a nullity; and, where the appeal has not been completed by the giving of bond, a second order of appeal, granted within time, to the proper court, is valid.

On the Merits.

*(Additional Syllabus by Editorial Staff.)*

2. TROVER AND CONVERSION ⬅32(1)—PLEADING—SUFFICIENCY.

Petition alleging that defendants on a certain day took possession of plaintiff's switch track, against his protest, and were still using it at the time of the trial, to plaintiff's damage in the cost of laying out the switch, stated an action in trover.

3. TROVER AND CONVERSION ⬅13—REMEDY —RECOVERY OF PROPERTY AND DAMAGE.

One whose property is unlawfully taken may sue for its recovery, together with rent which he may have incurred through deprivation of its use while in defendant's possession.

4. TROVER AND CONVERSION ⬅44—MEASURE OF DAMAGES.

In a suit to recover property unlawfully taken from plaintiff's possession and incurred from rent being deprived of its use, the measure of damages is the value of the use of the property during defendant's possession.

5. TROVER AND CONVERSION ⬅53—ACTION FOR DAMAGES—INTEREST.

One whose property is unlawfully taken without asserting any claim to its return may demand as damages the value of his property, together with interest thereon from the date of the alleged conversion.

6. LIMITATION OF ACTIONS ⬅30, 55(5)—CONVERSION.

Where plaintiff's switch track was unlawfully taken by defendants, plaintiff's claim for damages from a conversion began to run on the day it was taken, and where that date was more than one year from the date of suit, the claim was barred by Civ. Code, arts. 3536, 3537.

Appeal from Civil District Court, Parish of Orleans; George H. Théard, Judge.

Action by Hampton Reynolds against John Reiss and the New Orleans Terminal Company. Defendants' plea of prescription sustained, and plaintiff appeals. Motion to dismiss appeal denied, and judgment affirmed.

Terriberry, Rice & Young, of New Orleans, for appellant Hampton Reynolds.

Frank Wm. Hart, of New Orleans, for appellee John Reiss.

Hall, Monroe & Lemann, of New Orleans, for appellee New Orleans Terminal Co.

On Motion to Dismiss Appeal.

SOMMERVILLE, J. [1] March 15, 1916, plaintiff obtained an order for a devolutive

appeal, returnable to the Court of Appeal, parish of Orleans, on furnishing bond in the sum of $25. The bond was not furnished, and the appeal was not consummated.

March 21, 1916, plaintiff alleged in the district court that he had erred in moving for an appeal to the Court of Appeal, and he asked for and obtained an order of appeal to the Supreme Court.

Defendants allege that plaintiff and appellant abandoned his appeal to the Court of Appeal, and is therefore precluded from attempting to prosecute thereafter another appeal in the same matter, and ask that the appeal to this court be dismissed.

The first appeal to the Court of Appeal was never consummated by the filing of the bond named in the order of appeal. The district court retained jurisdiction of the matter, and it was within the power of said court to correct the error which had been made, and on motion of plaintiff to make the appeal returnable to the Supreme Court. The first order of appeal was a nullity, as it granted the appeal to a court without jurisdiction, although the appeal might have been saved under the terms of Act 19, 1912, p. 26.

On the authorities of Jackson v. Michie, 33 La. Ann. 725, McWilliams v. Michel, 43 La. Ann. 986, 10 South. 11, and Vallee v. Hunsberry, 108 La. 136, 32 South. 359, the motion to dismiss the appeal is denied.

### On the Merits.

Plaintiff alleged that he was in possession of a certain switch track in the city of New Orleans, which was connected with the tracks of the defendant railroad company; that he was the owner of said switch track, with the exception of the rails and the angle bars, which were the property of the defendant railroad company; that he had constructed said switch for the purpose of doing certain public work in the city for the sewerage and water board; that the sewerage and water board had advertised for other work, and that he had been a bidder therefor; that John Reiss, one of the defendants, was the successful bidder thereon; and that the latter required the use of said railroad switch to construct the contemplated work; that plaintiff offered to sell said switch to Reiss, and that they had failed to come to terms; that on November 22, 1914, Reiss and the railroad company took possession of said switch, against his protest, and that they were still using same at the time of the filing of this suit, November 23, 1915; that he was damaged in the amount of $2,285.21 by the illegal acts of defendants, which was the cost of laying said switch; and he asked for judgment in that amount, with interest from November 22, 1914.

Defendants filed pleas of prescription of one year, which were sustained, and plaintiff appealed.

Plaintiff said in argument:

"Appellees are obviously proceeding on the theory that the damages suffered by appellant occurred on November 22, 1914, the first day on which possession was taken of appellant's switch track; * * * and they contended that plaintiff's rights are barred by the prescription of one year."

He further said:

"It can hardly be said that any damage was caused to appellant by the action of the appellees in taking possession of the switch track on November 22, 1914. * * * The wrong done appellant was continuing the possession of the switch track for a period of time sufficient to show that appellees had no intention of giving it up. The amount claimed by appellant as his damage is nothing more than the cost to him of laying and building the switch track; * * * therefore it is obvious that appellant's damage did not accrue day by day. * * * It is apparent, therefore, that the wrong done appellant was the unlawful and continued possession of the switch track during the life of the contract of appellee, John Reiss"

—and he argues that there is no prescription against such claim, or, if prescription

does run, it only commences from the times when damages were sustained in consequence of the wrongful acts of defendants within the year prior to the filing of the suit.

"The character of the action given by plaintiff in his petition determines the prescription. Wilson v. McGreal, 12 La. Ann. 357; Lutz v. Forbes, 13 La. Ann. 609; Burch v. Willis, 21 La. Ann. 492; Burney v. Ludeling, 47 La. Ann. 89, 16 South. 507." Sims v. New Orleans Ry. & Light Co., 134 La. 897, 64 South. 823.

[2] Plaintiff in his petition alleges that he is the owner of the switch track referred to therein, and that it cost him $2,285.21; "that said switch track was built by your petitioner, at his own cost and expense, with the exception of rails and angle bars which he rented from the New Orleans Terminal Company, that a switch track was necessary [to do certain work for the sewerage and water board], and petitioner felt reasonably certain that, even if he were not the successful bidder, he would, in any event, be able to sell the said switch track to the successful bidder; that petitioner and John Reiss, one of the defendants herein, both bid on said contract 67-D, the successful bidder being the said John Reiss, who was awarded the said contract under the terms and conditions set forth in the said plans and specifications hereinabove referred to; * * * petitioner offered to sell said John Reiss the said switch track at a price in keeping with its real value; that on November 22, 1914, while petitioner was still negotiating with said John Reiss for the sale of said switch track," he learned that the terminal company had given John Reiss the privilege of using said track. Plaintiff then notified defendants "that he would hold the said John Reiss and the said New Orleans Terminal Company for all damages suffered by him through the use of his switch track, copy of which letter is annexed hereto and made part hereof," etc., "that the said New Orleans Terminal Company and the said John Reiss took possession of petitioner's switch track on November 22, 1914, in total disregard and violation of petitioner's rights, and against his earnest protest, and are still in the unlawful possession and use of the same. Petitioner avers that by the unlawful and unwarranted action of the said New Orleans Terminal Company and the said John Reiss, the defendants herein, petitioner was deprived of the opportunity to sell his said switch track at a price that was fair and equitable; that such action was taken by the said defendants in order to force him to sell at a price far below its real value; that through the actions of said defendants herein petitioner has suffered damages in the full sum of $2,285.21, which he is entitled to recover from said defendants herein jointly, severally, and in solido." And his prayer was for a judgment against defendants in solido for $2,285.21 with interest from November 22, 1914, the date on which he alleges defendants took illegal possession of the switch track involved.

The case of Burch v. Willis, 21 La. Ann. 492, presented just such a case as is here presented, and the language there used is entirely applicable here:

"That the charge in the petition in this case constitutes a tort there can be little doubt. The defendant is charged with having taken and appropriated to his own use the property of plaintiff without right, title, or legal claim whatever. It was therefore a wrong, an offense. It was the taking and appropriating plaintiff's property without his consent, which caused him damage to the amount of the value of the property, and this amount as fixed by him is claimed in this suit; and as the evidence shows that the act complained of was committed more than one year prior to the institution of this suit, the prescription pleaded is applicable, and must be sustained."

[3-5] The basis of the cause of action set forth is the alleged unlawful taking by the defendants of property belonging to plain-

tiff. In such a case the plaintiff may sue for the recovery of his property, together with rent which he may have incurred through being deprived of its use, for the period during which it remained in the possession of the defendants; and, in such a case, the measure of damages would be the value of the use of the property during such period, or he may, without asserting any claim to the return of his property in kind, demand as damages the value of his property, together with interest thereon from the date of the alleged conversion.

It clearly appears from the allegations of petitioner that he elected to assert the latter remedy, and has sued, not for the continuing damages accruing during the period of alleged unlawful possession of the property by the defendants, but for the value of said property upon the date of its alleged conversion, as fixed by the cost of the property, plus legal interest from that date.

[6] Plaintiff alleges that the damages that he suffered on November 22, 1914, through the acts of defendants were that he was then and thereby "deprived of the opportunity to sell the said switch track at a price that was fair and equitable; that such action was taken by the said defendants herein in order to force him to sell at a price far below its real value; that through the actions of said defendants herein petitioner has suffered damages in the full sum of $2,285.21." Plaintiff thus stated that he was damaged by the alleged wrongful acts of defendants on November 22, 1914, in a certain amount, and he set forth the nature of the damages suffered by him.

The claim of plaintiff is for damages resulting from a tort alleged to have been committed by defendants, and prescription began to run from the day on which the tort was committed, November 22, 1914, which was more than one year prior to the institution of this suit. C. C. arts. 3536,

145 LA.—6

3537; Millspaugh v. City, 20 La. Ann. 323; Shields v. Whitlock & Brown, 110 La. 714, 34 South. 747; Standard Chemical Co. v. Illinois Central Railroad, 130 La. 148, 57 South. 782.

"Personal actions arise from offenses, as when one has become liable to another for the injury he has inflicted on him by some crime or offense, such as theft or slander." C. P. art. 31.

In Foley v. Bush, 13 La. Ann. 126, where the plaintiff sued for the value of cordwood wrongfully taken from his land; in Millspaugh v. New Orleans, 20 La. Ann. 323, where plaintiff sued for the value of certain ballast wrongfully taken by the city; in Burch v. Willis, 21 La. Ann. 492, where plaintiff sued for the value of 50 bales of cotton wrongfully taken by defendant—the court held that the actions were prescribed by one year.

The judgment appealed from is affirmed.

O'NIELL, J., concurs in the decree.
MONROE, C. J., takes no part.