### SMITH v. DOVER.

No. 5694.

Court of Appeal of Louisiana.
Second Circuit.

June 30, 1938.

Rehearing Denied Nov. 4, 1938.

Writ of Certiorari and Review Denied
Dec. 9, 1938.

J. S. Pickett, of Many, for appellant.

Stephens & Gahagan, of Natchitoches, for appellee.

HAMITER, Judge.

The tortious conversion by defendant of plaintiff's 1934 Ford sedan automobile is charged in this cause. Damages prayed for are $550, being the alleged value of the vehicle, and the further sum of $3 per day, from the date of the asserted conversion until final judgment, for the loss of its use.

Defendant excepted to the petition as disclosing no cause and no right of action, and later answered generally, denying the allegations of the petition.

The record does not disclose that the exceptions were directly passed upon. They are not urged here.

A trial of the merits was had and there was judgment in plaintiff's favor in the sum of $463.40, "being the amount he had paid on the car that was taken from him by the defendant", together with legal interest and costs of the proceedings.

Defendant perfected this appeal.

The record reveals that on the 30th day of August, 1934, Universal Motors, Inc., of Leesville, Vernon Parish, Louisiana, sold the automobile in question to one G.

W. McNaughton, and for the unpaid portion of the purchase price the latter executed his promissory note which was secured by an act of chattel mortgage and a vendor's lien on the conveyed property. This last mentioned instrument contained the usual pactum de non alienando. The note was acquired by defendant, Joe Dover, whose domicile and business establishment is in Many, Sabine Parish, Louisiana. Subsequently, Universal Motors, Inc., repossessed the vehicle from McNaughton, and on December 24, 1934, sold it to plaintiff Smith for a total consideration of $669.40, payable $175 cash and $41.20 per month for a period of 12 months. Besides the initial cash payment, Smith paid seven of the agreed monthly payments.

After searching several months for the car which he understood secured the note that he held and owned, Dover learned that it was in the possession of Smith who lived in Natchitoches Parish, Louisiana. Whereupon, he sent an employee to Smith's home, a distance of approximately twenty miles, with instructions to request the latter to call to see him. This message was delivered, and on September 6, 1935, Smith, in company with his wife and child, appeared at defendant's place of business in Many with the automobile. After a discussion between the litigants relating to defendant's claimed chattel mortgage, possession of the car was assumed by defendant. Smith testifies that Dover ordered him from the car and demanded that it be left there. It is defendant's testimony that he informed Smith of his desire to keep the machine until the chattel mortgage was satisfied, that he used no force or threats at the time, and that plaintiff left it of his own free will until the matter was straightened out. At Smith's request, he and his family were then transported to Leesville, Louisiana, a distance of approximately 45 miles, by one of defendant's employees.

The following day plaintiff and an attorney of Leesville went to Many and conferred with defendant regarding the car. The latter informed them that he had a first mortgage on it and that, "I am going to keep it until we get it straightened out".

On October 8, 1935, while plaintiff was at the fair grounds in Many attending the Sabine Parish Fair, a representative of defendant called on him and stated that the car had been released and that he could obtain possession of it. Thereupon he went to defendant's business establishment and found it parked on the sidewalk. Plaintiff refused to get in the car, but secured the services of a boy who was standing nearby to drive it to the home of one of his friends. This driver traveled a short distance and had a collision with a bus. While at the place of this accident, a deputy sheriff appeared and seized the car under a writ of sequestration issued in cause No. 12,566, on the docket of the District Court of Sabine Parish, Louisiana, entitled J. Dover v. G. W. McNaughton. The mentioned suit was filed on that same date, viz., October 8, 1935, by Dover against the maker of the note which he held, for the purpose of securing judgment for the amount thereof with recognition of his claimed chattel mortgage and vendor's lien on the automobile.

Two defenses are urged to plaintiff's demands for damages for the alleged tortious conversion of the vehicle. They are that defendant (1) did not take illegal possession of the property, and (2) did not convert it to his own use, but returned it to plaintiff.

It is well to here observe that the demand for damages for the loss of the use of the vehicle was abandoned during the trial of the case, and the only remaining claim relates to damages for its value.

In view of the conclusion which we have reached, and hereinafter announce, we find it unnecessary to and do not pass upon the above stated first defense. However, for the purpose of this discussion, and solely for that purpose, we shall assume that defendant came into possession of the automobile illegally.

The law of this state with reference to a person's civil remedy when his property has been illegally taken from him appears to be well stated in Reynolds v. Reiss, 145 La. 155, 81 So. 884. In that case plaintiff charged in substance that defendant was unlawfully possessing and using his switch track, and he sought damages for the amount expended in laying the track. The court in its opinion said [page 886]:

"The basis of the cause of action set forth is the alleged unlawful taking by the defendants of property belonging to plaintiff. In such a case the plaintiff may sue for the recovery of his property, together with rent which he may have incurred through being deprived of its use,

for the period during which it remained in the possession of the defendants; and, in such a case, the measure of damages would be the value of the use of the property during such period, or he may, without asserting any claim to the return of his property in kind, demand as damages the value of his property, together with interest thereon from the date of the alleged conversion."

In 26 Ruling Case Law, verbo, "Trover", § 71, it is stated that:

"Though the plaintiff is generally entitled to recover the value of the property converted, the defendant is permitted to show the existence of facts which would make it unjust to allow the plaintiff to recover such amount, as where the goods have been returned to and accepted by the plaintiff, at least when such return and acceptance occurred prior to the beginning of the action. Hence the recovery may be reduced to a merely nominal sum, unless special damages apart from the mere value of the property are shown, such as deterioration in value between the time of the illegal taking and the return, the reasonable value of the use of the property during the period of detention, costs and expenses in recovering the same, and perhaps other items in special circumstances. Again, where the owner through a third person has regained possession of the property converted by the defendant through a third person, he can recover from the defendant only the cost of so regaining the possession."

■ Considering this case in the light of the above authorities, and also under the previously stated assumption, we think that plaintiff cannot recover on the only claim which he now urges. His action in directing the boy to drive the car from defendant's establishment amounted to an acceptance of the return of the car, and constituted a waiver of his right to seek recovery for the vehicle's value. Plaintiff personally did not drive it away; but the boy was his designated agent for that purpose and the acts of the latter were his. Having accepted and regained possession of his property, he is entitled only to those damages which accrued during and by reason of its wrongful detention, and this cause now involves no claim of such nature and no proof regarding damages sustained thereunder.

There is no doubt that defendant had anticipated plaintiff's acceptance of the automobile and was prepared to cause the seizure of it, through his suit against McNaughton, immediately upon the happening of that event. We think, however, that such action on defendant's part is immaterial with reference to a decision herein. No fraud appears to have been perpetrated on plaintiff in connection with his receiving and accepting the automobile. On the contrary, he states, " * * * I had conferred with a few persons and they said if the car was released to come and get it * * *"; and there was nothing to prevent his rejection of the tender.

■ Our attention is directed by plaintiff's counsel to certain alleged irregularities appearing in connection with the execution by McNaughton of the note and chattel mortgage, and it is argued that Dover had neither a valid chattel mortgage nor vendor's lien on the vehicle. It is our opinion that such asserted invalidity is of no moment in so far as the instant controversy is concerned. That is a matter to be considered in another suit involving a question of the enforcement or legal existence of such encumbrance.

■ During the trial of the case defendant offered in evidence the record in said cause, styled J. Dover v. G. W. McNaughton, and also the above mentioned act of chattel mortgage. These offerings were objected to by plaintiff's counsel on the ground that the pleadings were insufficient to permit their introduction. We think that they were admissible in evidence. Plaintiff alleged in his petition, which was filed February 6, 1936, that defendant Dover had no chattel mortgage, lien or encumbrance whatsoever on the automobile, and that he took illegal possession of it and continues to hold it wrongfully. By reason of these allegations, which were denied in the answer, defendant was entitled to introduce evidence of his claimed chattel mortgage and vendor's lien and to show that possession of the car, after the return to plaintiff on October 8, 1935, was in the sheriff through the judicial seizure.

For the reasons herein above given, the judgment appealed from is reversed and set aside, and there is now judgment rejecting plaintiff's demands and dismissing his suit at his cost.