JANVIER, Judge.
This suit grows out of an agreement made on December 5, 1954, between the plaintiff, John Disimone, and the defendant, Raleigh V. Bryant, which agreement, according to plaintiff, was a sale to him of a 29-foot boat, but, according to defendant, was merely an option to buy the boat for $925 which he granted to plaintiff under which he was to be paid at that time $400 as the price of the option and of the balance, should plaintiff exercise the option, $100 to be paid within 30 days and the balance “to be financed as per agreement.” Whether the agreement was a sale or an option to buy the price agreed upon was $925.
The plaintiff brought the suit alleging that he had bought the boat at the agreed price of $925; that at the time he had paid $400, and that he had later made two payments, one of $150 and one of $50, making total payments of $600, and that later he was allowed to take possession of the boat in order that he might do certain work on it, and that, while it was in his possession but without his knowledge or consent defendant removed it from the place at which it was •kept and sold and delivered it to another person.
*114 Plaintiff alleged that, in addition to the amount which he had paid, he had expended an additional $300 in making repairs to the boat, and he prayed for judgment for $900 with interest.
Defendant denied any liability to plaintiff, averring that the boat had not been sold to plaintiff but that he had merely granted an option to plaintiff under which he might buy the boat for $925. He averred that plaintiff had never exercised the option, with the result that the boat remained the property of defendant.
Assuming the position of plaintiff in reconvention, defendant averred that the plaintiff had allowed the boat to deteriorate while it was in his possession to such an extent that he, plaintiff in reconvention, was required to spend $645 in putting it back into useable condition, and he prayed that the suit be dismissed and that he have judgment in reconvention in the sum of $645.
There was judgment in favor of plaintiff in the sum of $600, with legal interest from October 5, 1954, and dismissing the «conventional demand. Defendant appealed suspensively. Plaintiff neither appealed nor answered the appeal.
In his reasons for judgment the District Judge said: “This was a sale by the defendant to the plaintiff and not an ‘option’ as contended by the defendant, Bryant.”
The record leaves not the slightest doubt of the correctness of this finding. There is not one word which would justify the ■conclusion that the agreement was merely an option. In fact, there are two receipts in the record, both signed by the defendant which show plainly that the amounts set forth were paid on account of the purchase ■of the boat. A reading of the testimony of the defendant leads to the inevitable conclusion that there was not one word of truth in anything he said.
The record shows that, after surreptitiously taking the boat from the place from which the plaintiff was keeping it, he sold and delivered it to another person for a price, which is not made certain in the record, but which seems to have been $925. For charitable reasons we shall say no more about the actions of defendant, Bryant.
Counsel for plaintiff explain the failure of plaintiff to appeal from the judgment insofar as it did not make an allowance to him for expenses to which he was put while in possession of the boat. They say that their client was badly in need of money and felt that an answer to the appeal might delay the matter and that he preferred to present the matter before us as speedily as possible, and, in the event of an affirmance of the judgment, to immediately collect the amount thereof out of the appeal bond. Counsel for plaintiff admit, however, and in fact suggest that the judgment is incorrect in that it awarded plaintiff interest from the date of the original agreement. They maintain, however, that interest should be allowed to run from the date of the conversion, and, in support of this contention, cite Reynolds v. Reiss, 145 La. 155, 81 So. 884, 886, in which the Supreme Court said that, where property is illegally taken, the owner, “may, without asserting any claim to the return of his property in kind, demand as damages the value of his property, together with interest thereon from the date of the alleged conversion.”
No statutory or other authority is cited for this statement. If it is well founded it is applicable here.
The record shows that the defendant took the boat from plaintiff’s possession “during” July, 1955, the exact date not being shown. Accordingly the judgment appealed from must be amended.
The judgment appealed from is amended by the allowance of legal interest from August 1, 1955, until paid. In all other respects the judgment is affirmed; defendant to pay all costs.
Amended and affirmed.