ELLIS, Judge.
This is a suit by General Insurance Company of American against Holland M. Watts, d/b/a Baton Rouge Sales, and Mossier Acceptance Corporation, d/b/a Allen-Parker Company, for the alleged conversion of a 1950 Chevrolet automobile valued at One Thousand and no/100 Dollars ($1,000).
The trial court rendered judgment in favor of plaintiff, General Insurance Company, and against Watts who has suspen-sively appealed to this court. The suit against Allen-Parker was dismissed and no appeal has been perfected by plaintiff.
The facts of the case were not seriously disputed and the serious question before this court is the proper application of the law to the facts as presented.
In April of 1952, the automobile in question was owned by Traders and General Insurance Company and insured by plaintiff against loss by theft. Thomas E. Bonner, an employee of Traders and General Insurance Company, had the automobile in his possession when it was reported stolen. Since plaintiff was the insurer of the auto owned by Traders and General, the value of the auto was paid, and the certificate of title was assigned to plaintiff.
In April of 1952, defendant, Watts, a used car dealer in Baton Rouge, Louisiana, was attending an automobile auction at Red Farmers Barn in Jackson, Mississippi, and purchased the automobile which had been offered for sale by the Belzonia Auto Sales of Belzonia, Mississippi. In accordance with customs in the trade, Watts executed a draft on Allen-Parker, and the draft and title papers were forwarded to the drawee’s bank. Defendant, Watts, and Allen-Parker then attempted to have the automobile titled in Louisiana with Allen-Parker’s Chattel Mortgage. The Louisiana Motor Vehicle Division of the Department of Revenue refused to issue the title because the vehicle was already titled in Louisiana in the name of Traders and General Insurance Company. Numerous investigations were made by the Louisiana State Police and F.B.I. and in May of 1952, plaintiff demanded possession of the vehicle. Watts refused to surrender possession of the vehicle to plaintiff, but agreed to store the vehicle in the Allen-Parker Garage until the title to the vehicle was “settled.”
The vehicle remained stored in Allen-Parker’s garage for several months, during which time plaintiff had some difficulty in obtaining delivery of the title certificate *513 from the Motor Vehicle Division of the Department of Revenue, State of Louisiana. However, it was shown that the Motor Vehicle Division, during this period, considered that the title was in plaintiff’s name and defendant, Watts, was fully aware of this.
In spite of Watts’ promise to leave the car stored with Allen-Parker, and in face of the overwhelming evidence that plaintiff owned the automobile, he removed the vehicle from its storage place and returned it to Belzonia Motor Company in Belzonia, Mississippi, and obtained a return of the purchase price paid.
From the record, it is apparent that plaintiff, General Insurance Company is the true and legal owner of the vehicle in question; that Watts exercised incidents of ownership over said vehicle after he knew, or should have known, that plaintiff was the true and lawful owner; and that he, Watts, had obtained possession of the vehicle through persons having no right, title or interest in said vehicle. This amounted to conversion of the vehicle for which plaintiff is entitled to damages equivalent to its value. See Importsales, Inc. v. Lindeman, 1957, 231 La. 663, 92 So.2d 574.
In the trial judge’s written judgment, he correctly observed as follows:
“Plaintiff herein instituted this suit against defendants alleging that it was the owner of a Chevrolet automobile and that the Defendants wrongfully converted same.
“The evidence shows that the Plaintiff had insured a 1950 Chevrolet sedan owned by Traders and General Insurance Company against loss by theft. The vehicle was in the possession of Mr. Bonner, an employee of Traders and General Insurance Company, and was stolen on April 24, 1952. Upon due proof of the theft, plaintiff paid Traders and General Insurance Company $1,000.00, the value of the automobile, and obtained an assignment from Traders and General Insurance Company of the title certificate. On May 19, 1952 the vehicle was located in Baton Rouge in the possession of Defendant, Holland M. Watts. Watts had purchased the automobile in Mississippi at an auction sale and had forwarded a draft together with the papers obtained by him to Mossier Acceptance Company doing business as Allen-Parker Company for the . purpose of financing the purchase of the car. Upon notice being given to Mr. Watts and Allen-Parker Company by Plaintiff’s counsel of Plaintiff’s title to the car negotiations were conducted for the purpose of determining the ownership thereof. In the course of these negotiations counsel for Defendant, Watts, wrote a letter to Plaintiff company’s adjusters, which was offered in evidence as ‘P — 4’ in which the following language was used:
“ ‘Pending clarification of your company’s rights in the premises the automobile has been stored and will so remain until this matter is settled.’
“Despite this agreement, Mr. Watts paid the obligation incurred by him with Allen-Parker Company, obtained possession of the car and, without notice to plaintiff, surreptitiously took same back to Mississippi.
“Adequate proof having been offered as to the title of Plaintiff, General Insurance Company of America, to the vehicle, the action on the part of Mr. Watts resulted in a conversion and consequently he is liable to Plaintiff for the loss.”
Counsel for defendant cites Smith v. Dover, La.App. 2nd Cir., 1938, 185 So. 74, 75, for the proposition that the plaintiff, in a conversion suit, is not entitled to damages, but only the cost of recovering the automobile, which has not been asserted by the plaintiff in the instant case. We feel that a close reading of the following language *514 in the Smith case refutes the defendant’s interpretation:
“The law of this state with reference to person’s civil remedy when his property has been illegally taken from him appears to be well stated in Reynolds v. Reiss, 145 La. 155, 81 So. 884. In that case, plaintiff charged in substance that defendant was unlawfully possessing and using his switch track, and he sought damages for the amount expended in laying the track. The court in its opinion said (page 886) :
“ ‘The basis of the cause of action set forth is the alleged unlawful taking by the defendants of property belonging to the plaintiff. In such a case the plaintiff may sue for the recovery of his property, together with rent which he may have incurred through being deprived of its use, for the period during which it remained in the possession of the defendants; and, in such a case, the measure of damages would be the value of the use of the property during such periods, or he may, without asserting any claim to the return of his property in kind, demand as damages the value of his property, together with interest thereon from the date of the alleged conversion.’ ”
However, the Smith case does stand for the proposition that the plaintiff may be denied recovery in a conversion action when the goods have been returned to and accepted by the plaintiff and the facts show that it would be unjust to allow a recovery of damages.
In the instant case, plaintiff has not regained possession of the vehicle, but, to the contrary, has been denied possession of the vehicle by defendant’s affirmative actions.
The trial judge awarded, in addition to the sum of $1,000, legal interest at the rate of 5% from date of judicial demand until paid and all costs. Although there is some question as to whether, equitably, the present case justified the award of legal interest, under LSA-R.S. 13 :4203, it is mandatory that all courts award legal interest from date of judicial demand on judgments sounding in damages “ex debi-to.”
For the above and foregoing reasons, the judgment appealed from is affirmed.
Affirmed.
HERGET, J., recused.