REID, Judge.
This is the second time that this case has been before this Court. Plaintiff sued Holland M. Watts, d/b/a Baton Rouge Auto Sales and Mossier Acceptance Company d/b/a Allen-Parker Company for the alleged conversion of a 1950 Chevrolet automobile valued at $1000.00. The lower court, after a trial, rendered judgment in favor of the plaintiff, General Insurance Company of America, and against the defendant Watts and dismissed the suit as against Allen-Parker Company. Watts appealed the judgment against him and this Court affirmed the judgment in favor of the plaintiff in a decision reported in La. App., 129 So.2d 511. After the decision by the Court of Appeal the plaintiff, General Insurance Company of America took a de-volutive appeal from the judgment in favor of the defendant, Allen-Parker, and Allen-Parker took an order of devolutive appeal from that portion of the judgment as regards its rights under its call in warranty.
There is not too much dispute about the facts.
In April of 1952 the automobile in question was owned by Traders and General Insurance Company and insured by plaintiff against loss by theft. The car was stolen while in the possession of Thomas E. Bonner, an employee of Traders and General Insurance Company. Plaintiff, as insurer of the car, paid the value of the automobile to Traders and General Insurance Company, and the certificate of title was assigned to it.
In the same month and year the defendant, Watts, a used car dealer in Baton Rouge, Louisiana, purchased this automobile from Belzonia Automobile Sales of Belzonia, Mississippi. Watts drew a draft on Allen-Parker Company, a finance company and the draft and title papers were forwarded to Allen-Parker Company’s bank. Watts and Allen-Parker then attempted to get a certificate of title of ownership in the State of Louisiana, with the chattel mortgage in favor of Allen-Parker Company listed thereon.
The Louisiana Motor Division of the Department of Revenue refused to issue the title certificate because their records disclosed that the title was in the name of Traders and General Insurance Company.
The State Police and the FBI each made an investigation and the car was stored by Watts at Allen-Parker’s garage until the title to the vehicle could be settled.
The vehicle remained stored at Allen-Parker’s garage for several months and finally both the FBI and the State Police notified Allen-Parker that they had completed their investigations and that each had no further interest in the automobile. Subsequently, the defendant Watts paid Allen-Parker Company the money that he owed them on the car and they delivered the car to him. The car was then taken to Mississippi by Watts and disposed of.
During the period of time when the car remained stored at Allen-Parker’s and in *444 the course of negotiation as to who was the rightful owner of the same, counsel for the defendant Watts wrote a letter to plaintiff-company’s adjusters “P-4” in which the following language was used:
“Pending clarification of your company’s rights in the premises the automobile has been stored and will so remain until this matter is settled.” (Italics by this Court.)”
In spite of this agreement by his attorney, Watts proceeded to pay the obligation to the Allen-Parker Company, secured possession of the car and took the same back to Mississippi without notifying the plaintiff.
There is no question but what the title to the car was in the plaintiff, General Insurance Company of America, and that the action by Watts resulted in a conversion and he was held liable to the plaintiff for the loss by the lower court, which was affirmed by this Court. 129 So.2d 511.
The specification of errors is based upon the failure of the trial court to render judgment against Allen-Parker Company.
The lower court in its written reasons for judgment found that there was no agreement between representatives of Allen-Parker Company and the plaintiff as to retaining the vehicle stored with it. Plaintiff’s counsel who was a witness in the case testified that he did not recall that Allen-Parker Company ever assured him that they would hold the car pending the settlement of this case, or any of their representatives. In fact, plaintiff’s attorney further stated that he was relying upon the promise of Watts’ attorney that the car would be held in storage by Allen-Parker Company until this matter was settled. He further stated that one reason he did not have the car seized was that it would entail additional court costs, which he thought he could avoid because of his belief that the car would remain stored at Allen-Parker’s until this case was settled.
The testimony of Mr. Joe B. Hubbard, Assistant Manager of Allen-Parker Company, is that he received a call from plaintiff’s attorney demanding the car, and that he advised the said attorney that he could not deliver the cardo the plaintiff without the authority and approval of Watts. He further testified that he suggested to plaintiff’s attorney that he file some legal proceeding to have the car seized and sequestered. The position of Allen-Parker Company was that they were holding the car for either the police officials or for Watts. Neither Mr. Hubbard or anyone connected with the Allen-Parker Company knew of the existence of the letter from Watt’s attorney to plaintiff’s representative.
The plaintiff contends that it was deprived of the ownership of the car by Allen-Parker Company after they knew or should have known that plaintiff was the true owner and that Allen-Parker obtained possession through persons having no right, title or interest in the vehicle.
We feel that the defendant Allen-Parker was guilty of conversion when they permitted the car to be delivered to Watts after they knew of plaintiff’s title to the car. They even had the title certificate in their possession for some time and were insisting on noting their chattel mortgage on same before they would deliver it to plaintiff.
We find the law applicable to this case in Volume 53, Amer.Jur. Page 826, Verbo Trover and Conversion § 33 as follows:
“There are cases in which a person who accepts the possession of personal property from one not authorized to transfer the same is regarded as a converter. This rule is particularly applicable to the acceptance of goods by a person acquiring a proprietary interest therein, such as a pledgee or purchaser. In such cases the mere act of accepting possession of the goods is sometimes regarded as a conversion. However, the mere acceptance of goods of a third party without his consent does *445 not under all circumstances constitute a conversion. The rule applicable is frequently made to depend on the good faith of the person receiving possession of the goods. Thus, a person, who, without knowledge that a party is in possession of property as a bailee merely, and not authorized to make a bailment thereof, accepts the property as bailee for him does not, by such acceptance, become guilty of a conversion. Of course, a person who receives possession of the goods of a third party may become guilty of a conversion where, in addition to such act of receiving the goods, he does other acts constituting an exercise of dominion or control over the goods against the wish of the person rightfully entitled thereto.” Emphasis supplied.
American Jurisprudence, Vol. 53, Verbo Trover and Conversion, 34. Disposal, Generally. “An action for conversion may be predicated upon an improper disposal, removal, transportation, delivery, or transfer of possession of property to one not authorized by the owner to receive the same. Indeed, it is sometimes declared that the gist of the action is the disposing or assuming to dispose of another’s goods without his authority. The fact that the person who received the goods and induced the defendant to deliver the goods to him was an imposter, or that the defendant turned the goods over to his principal, or that the defendant acted under the authority of one who himself had no authority to dispose of the goods, does not relieve the defendant from liability. The rule may be applied notwithstanding the defendant acted innocently and by mistake, or through neglect, and in good faith, but it is particularly applicable where the defendant had sufficient notice of the claim of the true owner, who has made a demand for the property or has asserted his title and instructed the defendant to retain the property for him. Thus, a bailee who has received sufficient notice of the claim of the true owner to the bailed property may not deliver it to the bailor or another person, or permit it to be taken out of his possession by another, whereby it is lost to such owner, without rendering himself liable to the owner for a conversion, at least where the true owner has made a demand for the property or has asserted his title and instructed the bailee to retain the property for him. However, not every disposal, delivery, transportation, or parting with the possession of the property of another authorizes a recovery for a conversion. Thus, where a bailee returns the property to the bailor, or, acting as a mere conduit, delivers it to a third person in accordance with the terms of the bailment, before he has notice of any adverse claim to the property, he is not liable to the true owner of the property for its conversion.”
With respect to Stolen Goods the rule is stated in Volume 53 Am.Jur., Verbo Trover and Conversion, § 41, page 837, as follows:
“There are many cases in which a person who purchases or accepts the possession of stolen personal property is regarded as liable for the conversion thereof. In some cases, this result is reached regardless of the fact that the defendant may have acted in good faith, without notice and in reliance on the thief’s representation of ownership. The rule is generally applied wherein, in addition to the act of purchasing the goods or accepting possession thereof, the defendant appropriates the property or holds it to his own use, or refuses to comply with a demand of the owner to surrender possession, or sells, transfers, or disposes of the goods. On the other hand, there is some authority for the rule that the fact that one takes possession of stolen property as a mere depositary is insufficient to charge him with a conversion”.
*446 The same rule is also stated in Volume 6 Am.Jr., Verbo Bailments § 119, Page 257 and in Volume 8 C.J.S. Verbo Bailments § 38a, page 310.
There can be no question but that in the Watts case the defendant was fully aware of plaintiff’s claim of ownership; that plaintiff demanded the return of its property and despite such demand defendant undertook to decide that a third party was the rightful owner thereof.
The agreement with Watts’ attorney has no bearing upon defendant’s liability in our judgment. Plaving been put on notice of plaintiff’s claim of ownership and plaintiff having demanded the return of its property, defendant then withheld possession thereof from plaintiff at defendant’s own risk. A careful reading of the testimony of defendant’s employee Joe B. Hubbard (Pages 270-275 of transcript) clearly shows that Allen-Parker was fully aware of plaintiff’s claim of ownership and despite plaintiff’s demand for delivery of the car subsequently surrendered possession thereof to Watts without notifying plaintiff. Under such circumstances it is clear to us that a conversion resulted.
Defendant has filed a call in warranty against defendant Holland M. Watts d/b/a Baton Rouge Auto Sales for the full amount of any judgment that may be rendered in favor of plaintiff and against Mossier Acceptance Company d/b/a Allen-Parker Company and for all costs.
The lower court having decided in favor of the defendant Allen-Parker Company did not pass on this call in warranty. The defendant, Allen-Parker Company having appealed devolutively from this position of the judgment, are entitled to have their call in warranty maintained.
This Court previously affirmed the decision of the lower court as against Holland M. Watts in the amount of $1000.00 with legal interest from judicial demand until paid, and all costs for the foregoing reasons.
Therefore it is ordered that the judgment of the lower court be reversed in so far as Mossier Acceptance Company d/b/a Allen-Parker Company is concerned and judgment now rendered in favor of the plaintiff, General Insurance Company of America and against said Mossier Acceptance Company d/b/a Allen-Parker Company in the amount of $1000.00 with legal interest from judicial demand until paid and all costs, including cost of this appeal.
It is further ordered, adjudged and decreed that Mossier Acceptance Company d/b/a Allen-Parker Company have and recover judgment in the same amount in its call in warranty against defendant Holland M. Watts.
Reversed and rendered.